Jesus Estevan Moreno ESCOBAR,
Appellant,

v.

The STATE of Texas, Appellee.

No. 13–98–316–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 2000.

Rehearing Overruled Sept. 28, 2000.

Joseph A. Connors, III, McAllen, for Appellant.

Theodore C. Hake, Asst. Crim. Dist. Atty., Rene Guerra, Dist. Atty., Rolando Garza, Asst. Dist. Atty., Edinburg, for Appellee.

Before Justices HINOJOSA, CHAVEZ, and RODRIGUEZ.

## OPINION

Opinion by Justice HINOJOSA.

A jury found appellant, Jesus Estevan Moreno Escobar, guilty of the offense of aggravated robbery, and the trial court assessed his punishment at ten years imprisonment. By ten issues, appellant contends: (1) the evidence is factually and legally insufficient to support his conviction; (2) the trial court erred in various ways in writing the jury charge; and (3)

1. The designed jeans were valued at $79.

he received ineffective assistance of counsel. We affirm.

### A. BACKGROUND

The record shows that on April 11, 1997, appellant entered the Casablanca Clothing store with Estela Garcia. A short time later, appellant's mother, Dora Campa, and her common-law husband, Arturo Gonzalez, also entered the store. While Campa attempted to distract the sales clerk, appellant rolled a pair of designer jeans [1] and a pair of shorts [2] into small bundles. Garcia then stuffed the bundles inside her clothing and an empty purse she carried. Campa and Gonzalez left the store. Appellant and Garcia were approached by store employee Ricardo Uresti, who followed them outside, demanding the return of the hidden items. Appellant and Garcia proceeded to a 1979 maroon two-door Chevrolet Monte Carlo in the parking lot, which had already been backed out of its parking space. Uresti was right behind appellant and Garcia as they opened the car door and began to enter the back seat. He looked over and saw the driver of the vehicle, Gonzalez, had a gun pointed at him. Uresti backed off, and the car sped away.

### B. LEGAL SUFFICIENCY

By his seventh issue, appellant complains the trial court erred in denying his motion for instructed verdict because the evidence is legally insufficient. By his eighth issue, he contends the trial court committed harmful federal constitutional error by denying his first motion for new trial because the evidence is legally insufficient. By his ninth issue, appellant asserts the evidence is legally insufficient, under the due course of law provision of article I, section 19 of the Texas constitution, to support the trial court's judgment.

#### 1. *Motion for Instructed Verdict*

■ Appellant moved for instructed verdict as follows:

2. The shorts were valued at $59.

The State has failed to prove the essential elements of the offense charged against defendant. More specifically the government has failed to show that Mr. Escobar aided, abetted, participated or encouraged the crime in this case. Without said evidence, Mr. Escobar cannot be charged of [sic] aggravated robbery through the law of parties. Further, the State has failed to prove that Mr. Escobar, Defendant, had the intent to exhibit a weapon, to wit: a firearm, in the course of the transaction.

We will treat this issue as a challenge to the legal sufficiency of the evidence. *See Cook v. State*, 858 S.W.2d 467, 469 (Tex. Crim.App.1993) (in requesting an instructed verdict, one is merely challenging the legal sufficiency of the evidence).

■■■■ When reviewing the legal sufficiency of the evidence, the appellate court shall look at all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Johnson v. State*, 23 S.W.3d 1, 7, 2000 Tex.Crim.App. LEXIS 12, at *14–15 (Tex.Crim.App. 2000); *Patrick v. State*, 906 S.W.2d 481, 486 (Tex.Crim.App.1995); *Turro v. State*, 867 S.W.2d 43, 46–47 (Tex.Crim.App.1993). This standard is applied to both direct and circumstantial cases. *Earhart v. State*, 823 S.W.2d 607, 616 (Tex.Crim.App.1991); *Sutherlin v. State*, 682 S.W.2d 546, 548–49 (Tex.Crim.App.1984); *Rosillo v. State*, 953 S.W.2d 808, 814 (Tex.App.—Corpus Christi 1997, pet. ref'd). Sufficiency of the evidence is measured by the hypothetically correct jury charge, which accurately sets out the law, is authorized by the indictment, and does not unnecessarily increase the State's burden of proof. *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997); *Cano v. State*, 3 S.W.3d 99, 105 (Tex.App.—Corpus Christi 1999, pet.

ref'd). The jury, as the sole judge of the credibility of the witnesses and the weight to be given their testimony, is free to accept or reject all or any part of the testimony of any witness. TEX.CODE CRIM. PROC. ANN. art. 38.04 (Vernon 1981); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim. App.1986); Bowden v. State, 628 S.W.2d 782, 784 (Tex.Crim.App.1982).

■■■ Appellant was charged with aggravated robbery as a party. Section 7.01 of the Texas Penal Code provides, in relevant part, as follows:

(a) A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

(b) Each party to an offense may be charged with commission of the offense.

TEX. PEN.CODE ANN. § 7.01(a) (Vernon 1994). Section 7.02 further provides:

(a) A person is criminally responsible for an offense committed by the conduct of another if: ...

(2) acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense ...

TEX. PEN.CODE ANN. § 7.02 (Vernon 1994). The elements of robbery are set forth in Texas Penal Code Section 29.02:

(a) A person commits an offense if, in the course of committing theft as defined in Chapter 31 and with intent to obtain or maintain control of the property he:

(1) intentionally, knowingly, or recklessly causes bodily injury to another; or

(2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death.[3]

---

**3.** Texas Penal Code Section 7.02(b) provides: "If, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspira-

TEX. PEN CODE ANN. § 29.02(a) (Vernon 1994). An aggravated robbery occurs when a person "commits robbery as defined in Section 29.02 and he ... uses or exhibits a deadly weapon." TEX. PEN.CODE ANN. § 29.03 (Vernon 1994). Therefore, the State was required to prove that appellant, acting with the intent to promote or assist in the commission of the aggravated robbery, solicited, encouraged, directed, aided or attempted to aid in the commission of the offense.

■ Circumstantial evidence may be used to prove party status. *Ransom v. State*, 920 S.W.2d 288, 302 (Tex.Crim.App. 1994); *Cordova v. State*, 698 S.W.2d 107, 111 (Tex.Crim.App.1985); *Beardsley v. State*, 738 S.W.2d 681, 684 (Tex.Crim.App. 1987); *Rosillo*, 953 S.W.2d at 814. In determining whether the accused participated as a party, the court may look to events occurring before, during and after the commission of the offense, and may rely on actions of the defendant which show an understanding and common design to do the prohibited act. *Ransom*, 920 S.W.2d at 302; *Burdine v. State*, 719 S.W.2d 309, 315 (Tex.Crim.App.1986); *Rosillo*, 953 S.W.2d at 814. The evidence must show that at the time of the offense, the parties were acting together, each contributing some part toward the execution of their common purpose. *Burdine*, 719 S.W.2d at 315; *Rosillo*, 953 S.W.2d at 814; *Wilkerson v. State*, 874 S.W.2d 127, 130 (Tex.App.—Houston [14th Dist.] 1994, pet. ref'd). Evidence is sufficient to convict under the law of parties if the defendant is physically present at the commission of the offense and encourages its commission by words or other agreement. *Ransom*, 920 S.W.2d at 302; *Cordova*, 698 S.W.2d at 111; *Rosillo*, 953 S.W.2d at 814. In determining the sufficiency of the evidence to show an appellant's intent, and faced with a record that supports conflicting infer-

ences, we must presume—even if it does not affirmatively appear in the record—that the trier of fact resolved any such conflict in favor of the prosecution, and we must defer to that resolution. *Matson v. State*, 819 S.W.2d 839, 846 (Tex.Crim.App. 1991); *Farris v. State*, 819 S.W.2d 490, 495 (Tex.Crim.App.1990).

■ Viewing the evidence presented in the light most favorable to the verdict, appellant and his associates went to the Casablanca Clothing store with a common design to steal merchandise. Appellant was Campa's son and Gonzalez's stepson. They all lived together in the same house, and they rode together to the store in the same vehicle. Garcia and Campa asked the sales clerk the same question at different times in a ploy to distract her from the theft. Gonzalez and Campa exited the store first and had the getaway car ready to go when appellant and Garcia came out of the store with the stolen merchandise. With Uresti in pursuit, appellant and Garcia had to pause to open the car door, push the front seat forward and enter the backseat. Appellant entered the car last. During appellant and Garcia's entry into the car with the stolen items, Gonzalez (the driver of the car) had a gun pointed at Uresti.

From the totality of the circumstances, we conclude the jury could have inferred that appellant, by his actions in entering the getaway vehicle with the stolen merchandise while Gonzalez pointed a gun at the victim, knew of the gun and intended to promote or assist in the aggravated robbery, thereby encouraging or aiding in the commission of the offense. We hold that any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt, and that the evidence is legally sufficient to support

tors are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose and was one that should have been anticipated as a result of the carry-

ing out of the conspiracy." TEX. PEN.CODE ANN. § 7.02(b) (Vernon 1994). This statute does not apply in this case because the underlying offense is a misdemeanor theft, not a felony.

appellant's conviction. Appellant's seventh issue is overruled.

## 2. *Motion for New Trial*

 Appellant has incorporated, by reference, his entire motion for new trial in his brief, but he specifically reurges the portions of his motion challenging the legal sufficiency of the evidence to show that Garcia, Gonzalez and Campa were all in the course of committing theft or in the immediate flight thereafter and threatened or placed the victim in fear of imminent bodily injury or death by exhibiting a firearm.

Appellant points out that the indictment states:

THE GRAND JURY for the County of Hidalgo, State of Texas, duly selected, impaneled, sworn, charged and organized as such at the July Term A.D.1997 of the 370th Judicial District Court for said County, upon their oaths present in and to said court at said term that JESUS ESTEVAN MORENO ESCOBAR hereinafter styled Defendant, on or about the 11th day of April A.D., 1997, and before presentment of this indictment, in Hidalgo County, Texas, did then and there intentionally and knowingly, while in the course of committing theft of property from Ricardo Uresti, the victim, and with intent to obtain and maintain control of said property, threaten and place the victim in fear of imminent bodily injury and death, and defendant did then and there use and exhibit a deadly weapon, to-wit: a firearm.

Appellant complains of the following language found in paragraph 6 of the jury charge:

If you find from the evidence beyond a reasonable doubt that on or about the 11th day of April, 1997, in Hidalgo County, Texas, Estela Garcia, Arturo Gonzalez, and Dora Campa, while in the course of committing theft, or immediate flight thereafter, of personal property from Ricardo Uresti, the victim, and with intent to obtain or maintain control of said property, threaten or place the victim in fear of imminent bodily injury or death by exhibiting a deadly weapon, to-wit: a firearm, and that Defendant, JESUS ESTEVAN MORENO ESCOBAR, then and there acting with intent to promote or assist the commission of the offense, if any, aided Estela Garcia to commit the offense, if any, by rolling up jeans or shorts and handing it to Estela Garcia to conceal, if he did, then you will find Defendant, JESUS ESTEVAN MORENO ESCOBAR, guilty of the offense of Aggravated Robbery as alleged in the indictment.

Appellant argues that because the trial court worded the jury charge this way, the State was required to prove that *all three* accomplices were in the course of committing theft or in the immediate flight thereafter, when *all three* placed the victim in fear of imminent bodily injury or death by exhibiting a firearm. Appellant argues that this language is incorporated into the court's instructions to the jury in such a way that the jury was required to find that appellant's three accomplices all exhibited a firearm before it could find appellant guilty of aggravated robbery. He further argues that the evidence is legally insufficient on this point, making the guilty verdict contrary to the law and evidence. We do not agree with appellant's argument.

 Sufficiency of the evidence is now measured against the "hypothetically correct jury charge." *Malik,* 953 S.W.2d at 240; *Cano,* 3 S.W.3d at 105. In *Malik,* the trial court erroneously included in the jury charge an instruction of the legality of the defendant's detention, a matter which was neither alleged in the indictment nor which the State was required to prove in establishing the elements of the crime charged. *Malik,* 953 S.W.2d at 240. The court of criminal appeals overruled prior case law in which sufficiency of the evidence was measured by the jury charge actually giv-

en and held that sufficiency would, henceforth, be measured by a

> hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.

*Id.; see also Phelps v. State*, 999 S.W.2d 512, 518 (Tex.App.—Eastland 1999, pet. filed) (hypothetically correct jury charge should not include unnecessary allegations, as they are not legally essential elements of the crime). The new standard adopted in *Malik* "ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime, rather than a mere error in the jury charge submitted." *Malik*, 953 S.W.2d at 240. Applying the *Malik* rationale to this case, we hold the evidence is legally sufficient to show that appellant committed the crime of aggravated robbery as a party as measured by a hypothetically correct jury charge. Appellant's eighth issue is overruled.

### 3. *Due Course Provision of Texas Constitution*

■ Appellant contends the evidence is legally insufficient to support his conviction. Thus, the due course provision of article I, section 19 of the Texas Constitution is being violated. Section 19 provides: "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by the due course of the law of the land." Tex. Const. Art. I, § 19.

We note, however, that *Jackson* and *Malik* are the "due course of the land." After reviewing the record, we hold that under the *Jackson* and *Malik* standards, the evidence is legally sufficient to support appellant's conviction. Appellant's ninth issue is overruled.

### B. Factual Sufficiency

■ By his tenth issue, appellant contends the evidence is factually insufficient to support his conviction. In reviewing the factual sufficiency of the evidence, we are not bound to view the evidence in the light most favorable to the prosecution, and may consider the testimony of defense witnesses and the existence of alternative hypotheses. *Johnson* at 6, at *15 (Tex. Crim.App. 2000); *Clewis v. State*, 922 S.W.2d 126, 134 (Tex.Crim.App.1996). We consider all of the evidence in the record related to the appellant's sufficiency challenge, comparing the weight of the evidence that tends to prove guilt with the evidence that tends to disprove it. *Santellan v. State*, 939 S.W.2d 155, 164 (Tex. Crim.App.1997). We are not free to reweigh the evidence and set aside a jury verdict merely because we believe that a different result is more reasonable. *Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim. App.1997); *Clewis*, 922 S.W.2d at 135.

■ Only if the verdict is against the great weight of the evidence presented at trial so as to be clearly wrong and unjust, will we reverse the verdict and remand for a new trial. *Clewis*, 922 S.W.2d at 133–34; *Rosillo*, 953 S.W.2d at 813.

Appellant did not present any evidence at the trial, and his cross-examination of the State's witnesses did not produce any significant change in their testimony. After reviewing all the evidence, we hold the verdict is not so against the great weight of the evidence presented at trial that it is manifestly unjust and clearly wrong. We hold the evidence is factually sufficient to support appellant's conviction. We overrule appellant's tenth issue.

### C. Jury Charge

■ Appellant contends the trial court erred in various ways in writing the jury charge. Analysis of jury charge error depends largely on whether the appellant objected to the complained-of language or omissions at trial:

If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is "calculated to injure the rights of defendant," which means no more than that there must be some harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.

On the other hand, if no proper objection was made at trial and the accused must claim that the error was "fundamental," he will obtain a reversal only if the error is so egregious and created such harm that he "has not had a fair and impartial trial"—in short "egregious harm."

*Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984); *see also* TEX.CODE. CRIM. PROC. ANN. art. 36.19 (Vernon 1981). Therefore, our first inquiry must be whether the jury charge error complained of on appeal was objected to at trial.

### 1. *Objections Made to Jury Charge*

■ At trial, appellant made several objections to paragraphs 5 and 6 of the jury charge. By his fourth and fifth issues, appellant contends the trial court erred in denying his request that the words "of aggravated robbery" be added to paragraph 6 of the jury charge. By his sixth issue, appellant contends the trial court erred in denying his request that the words "or knowledge" be added to paragraph 5 of the jury charge.

Appellant requested the trial court add the words inserted below in brackets and bold-face type. The trial court denied his requests.

### 5.

All persons are parties to an offense who are guilty of acting together in the commission of an offense. A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both.

A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. Mere presence **[or knowledge]** alone will not constitute one a party to an offense.

### 6.

If you find from the evidence beyond a reasonable doubt that on or about the 11th day of April, 1997, in Hidalgo County, Texas, Estela Garcia, Arturo Gonzalez, and Dora Campa, while in the course of committing theft, or immediate flight thereafter, of personal property from Ricardo Uresti, the victim, and with intent to obtain or maintain control of said property, threaten or place the victim in fear of imminent bodily injury or death by exhibiting a deadly weapon, to-wit: a firearm, and that Defendant, JESUS ESTEVAN MORENO ESCOBAR, then and there acting with intent to promote or assist the commission of the offense **[of aggravated robbery]**, if any, aided Estela Garcia to commit the offense **[of aggravated robbery]**, if any, by rolling up jeans or shorts and handing it to Estela Garcia to conceal, if he did, then you will find Defendant, JESUS ESTEVAN MORENO ESCOBAR, guilty of the offense of Aggravated Robbery as alleged in the indictment.

Unless you so find beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the Defendant of Aggravated Robbery and consider whether he is guilty of the lesser included offense of Theft. . . .

Because appellant objected to the omission of these words from the jury charge, he need only show "some harm" in order to obtain a reversal, if he can show that the omission was error.

Our next inquiry is whether the trial court's denial of appellant's requested jury charge constitutes error. The function of the jury charge is to instruct the jury on the law applicable to the case. *Dinkins v. State,* 894 S.W.2d 330, 338 (Tex.Crim.App.1995); *Caldwell v. State,* 971 S.W.2d 663, 666 (Tex.App.—Dallas 1998, pet. ref'd). When reviewing charge error, we determine (1) whether error actually exists in the charge; and (2) whether any resulting harm requires reversal. *Mann v. State,* 964 S.W.2d 639, 641 (Tex.Crim.App.1998); *Duke v. State,* 950 S.W.2d 424, 426 (Tex.App.—Houston [1st Dist.] 1997, pet. ref'd) (citing *Almanza,* 686 S.W.2d at 171). When we review a charge for alleged error, we must examine the charge as a whole, considering the workable relationship between the abstract parts of the charge and those parts that apply the abstract law to the facts of the case. *Plata v. State,* 926 S.W.2d 300, 302 (Tex.Crim.App.1996), *overruled on other grounds by Malik v. State,* 953 S.W.2d at 234; *Caldwell,* 971 S.W.2d at 666. The abstract or definitional paragraphs serve as a kind of glossary to help the jury understand the meaning of concepts and terms used in the application paragraphs of the charge. Thus, a charge is adequate if it contains an application paragraph that authorizes a conviction under conditions specified by other paragraphs of the charge to which the application paragraph necessarily and unambiguously refers, or contains some logically consistent combination of such paragraphs. *Plata,* 926 S.W.2d at 302; *Caldwell,* 971 S.W.2d at 666. The meaning of a jury charge must be taken from the whole charge. *Plata,* 926 S.W.2d at 302; *Warfield v. State,* 974 S.W.2d 269, 271 (Tex.App.—San Antonio 1998, pet. ref'd); *Caldwell,* 971 S.W.2d at 667.

### a. Paragraph 5 of the Jury Charge

In paragraph 5, appellant requested that the words "or knowledge" be added in the last sentence. Appellant wanted the sentence to read, "Mere presence or knowledge alone will not constitute one a party to an offense." Appellant contends the refusal of this request was error, and subject to the "some harm" test under *Almanza.* However, this contention is not supported by the case law.

Paragraph 5 is an abstract or definitional section that closely tracks the pertinent statute, Texas Penal Code Section 7.01. A charge provision that tracks the relevant statute is sufficient. *Rosillo,* 953 S.W.2d at 815–16 (citing *Davis v. State,* 651 S.W.2d 787, 792 (Tex.Crim.App.1983)); *see also Viduarri v. State,* 626 S.W.2d 749, 750 (Tex.Crim.App.1981) (upholding a jury charge that was substantially the same as article 38.08 of the code of criminal procedure).

The knowledge element is adequately covered in paragraph 6, the application paragraph for aggravated robbery. To convict under this charge, the jury had to find that appellant acted "with intent to promote or assist the commission of the offense" in order to find him guilty of aggravated robbery. If a requested charge is substantially the same as the charge actually given, there is no error. *Baldree v. State,* 784 S.W.2d 676, 682 (Tex.Crim.App.1989); *Le Duc v. State,* 593 S.W.2d 678, 684–85 (Tex.Crim.App.1979); *Rosillo,* 953 S.W.2d at 815–16; *Meador v. State,* 941 S.W.2d 156, 163 (Tex.App.—Corpus Christi 1996, pet. ref'd). Furthermore, appellant's theory, as advanced by the argument of his trial counsel, was that he had no knowledge of the presence of the gun. He did not raise any fact issue entitling him to receive an instruction on "mere knowledge." Therefore, we hold the trial court did not err by refusing to add the words "or knowledge" to the last sentence of paragraph 5 of the jury charge. Appellant's sixth issue is overruled.

### b. Paragraph 6 of the Jury Charge

Paragraph 6 is the application of the law of aggravated robbery to the facts

of the case. Appellant requested that the words "of aggravated robbery" be added, in two locations, to paragraph 6. Appellant wanted the relevant portion of paragraph 6 to read:

> ... that Defendant, JESUS ESTEVAN MORENO ESCOBAR, then and there acting with intent to promote or assist the commission of the offense of aggravated robbery, if any, aided Estela Garcia to commit the offense of aggravated robbery, if any, by rolling up jeans or shorts and handing it to Estela Garcia to conceal ...

Appellant contends the refusal of these requests was error, and subject to the "some harm" test under *Almanza.*

Again, the meaning of a jury charge must be taken from the whole charge. *Plata,* 926 S.W.2d at 302. Appellant was charged with only two offenses, aggravated robbery and its lesser included offense of theft. The last sentence of paragraph 6 states that if the jury has a reasonable doubt as to these circumstances, it must acquit the defendant of aggravated robbery and consider whether the defendant is guilty of theft, the elements of which are laid out for the jury in paragraph 7, the application paragraph for theft. Paragraph 7 further provides that if the jury has a reasonable doubt as to whether the defendant is guilty of aggravated robbery or of theft, it must give the defendant the benefit of the doubt and find him guilty only of theft, or not guilty. The entire context of the charge makes clear that paragraph 6 authorizes the jury to convict appellant of aggravated robbery, if it is warranted by the evidence, and paragraph 7 allows the jury to convict him of theft, if warranted. Therefore, we hold the trial court did not err by refusing to add the words "of aggravated robbery" to paragraph 6 of the jury charge. Appellant's fourth and fifth issues are overruled.

2. *Objections Not Made to Jury Charge*

 ▇ By his second issue, appellant complains the trial court violated his Texas

constitutional rights by omitting the words "intentionally or knowingly" from paragraph 6 of the jury charge. By his third issue, appellant contends the trial court violated his U.S. constitutional rights by omitting the words "intentionally or knowingly" from paragraph 6 of the jury charge. Appellant asserts that the omission of these words "authorized the jury to find [him] guilty upon a set of circumstances that could not constitute the offense charged." Appellant argues that the omission of these words was reversible error. However, he did not object to their omission at trial.

Appellant claims the relevant portion of paragraph 6 of the jury charge should have read:

> ... with intent to obtain or maintain control of said property, did intentionally or knowingly threaten or place the victim in fear of imminent bodily injury or death by exhibiting a deadly weapon, to-wit: a firearm, ...

Because the intent element of "intentionally or knowingly" is required to convict a defendant of aggravated robbery, we hold the trial court committed error by omitting this language. TEX. PEN.CODE ANN. §§ 29.02, 29.03 (Vernon 1994).

 ▇ Appellant claims this omission is a constitutional error that must be analyzed under the federal "harmless error" rule even though he did not object to the omission at trial. In *Barrera v. State,* 982 S.W.2d 415, 417 (Tex.Crim.App.1998), the appellant did not request a self-defense instruction at his trial for attempted murder and aggravated assault, or object to the one given by the court. The trial court gave a self-defense instruction *sua sponte. Id.* At 416. On appeal from his conviction of attempted murder, Barrera complained the trial court had erred by failing to properly apply the law of self-defense to the facts of the case and by failing to instruct the jury that a reasonable doubt on the issue of self-defense required acquittal. *Id.* Barrera claimed that because

these errors were a violation of his constitutional rights, they should be analyzed under the federal "harmless error" rule and not under the "egregious harm" test required by *Almanza* for unobjected-to jury charge errors. *Id.* After holding that the charge was erroneous, the court of criminal appeals stated:

> the failure to apply the law of a case to its facts does not amount to a federal constitutional error, but is merely a "technical violation of [a] state-law rule." *Brown v. Collins*, 937 F.2d 175, 182 (5th Cir.), *rehearing en banc denied*, 945 F.2d 403 (1991). This conclusion naturally follows from federal decisions which have concluded that "[n]ormally ... instructions to the jury in state trials are matters of state law and procedure not involving federal constitutional issues." *United States ex. rel. Waters v. Bensinger*, 507 F.2d 103, 105 (7th Cir. 1974) (quoting *Grundler v. North Carolina*, 283 F.2d 798, 802 (4th Cir.1960)). Federal courts considering habeas petitions have announced narrow guidelines for jury charge error that offends the federal constitution:

> [W]hen reviewing a jury charge for constitutional infirmity, we must consider the challenged portion of the charge not "in artificial isolation," but rather "in the context of the overall charge." *Cupp v. Naughten*, 414 U.S. 141, 146–47, 94 S.Ct. 396, 400, 38 L.Ed.2d 368 (1973). A constitutional violation occurs only if "[t]here is a reasonable likelihood that the jury understood the instructions to allow conviction on proof insufficient to meet the *Winship* standard." [4] *Victor v. Nebraska*, 511 U.S. 1, 6, 114 S.Ct. 1239, 1243, 127 L.Ed.2d 583 (1994).

*Justice v. Hoke*, 45 F.3d 33, 34 (2nd Cir.1995). A trial court's failure to apply an otherwise correct defensive jury instruction does not give rise to such a likelihood.

*Id.* At 417. Thus, it is clear that a trial court's failure to perfectly apply the law to the facts of the case in an otherwise acceptable jury charge does not rise to the level of constitutional error. *See also Posey v. State*, 966 S.W.2d 57, 62–63 (Tex. Crim.App.1998) (trial judge has no duty to *sua sponte* give charge on defensive issue; if defendant does not request one, and does not object to its omission, there is no error and *Almanza* test is not applied); *Mann v. State*, 964 S.W.2d 639, 641 (Tex. Crim.App.1998 ) (no fundamental error exists where charge properly instructs jury as to State's burden of proof except for one small portion; *Almanza* test is applied to any error therein); *State v. Toney*, 979 S.W.2d 642, 644–45 (Tex.Crim.App.1998) (total failure to give instruction as to reasonable doubt is fundamental error analyzed under federal harmless error rule; however, if partial or substantially correct charge is given, any error therein is subject to *Almanza* rule).

■ Here, the jury charge contains a proper definition of both aggravated robbery and party responsibility. Read as a whole, it is clear the jury was properly asked to evaluate appellant's guilt as to aggravated robbery in paragraph 6, and as to theft in paragraph 7. We hold appellant's federal constitutional right to due process was not violated. We overrule appellant's third issue.

■ Unobjected to charge errors not involving federal constitutional error are subject to the "egregious harm" *Almanza* standard. Harm is analyzed by evaluating: (1) the charge itself; (2) the state of the evidence, including the contested issues and the weight of the probative evidence; (3) arguments of counsel; and (4) any other relevant information revealed by the record as a whole. *Hutch v. State*, 922 S.W.2d 166, 171 (Tex.Crim.App.

4. *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (due process clause requires proof beyond a reasonable doubt to establish guilt of a criminal charge; the prosecution must convince the trier of fact of all essential elements of guilt).

1996). Errors which result in egregious harm are those which affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory. *Id.* After reviewing the record, we find no egregious error in the trial court's failure to properly apply the law to the facts of this case. Therefore, we overrule appellant's second issue.

#### D. Ineffective Assistance of Counsel

By his first issue, appellant contends he received ineffective assistance of counsel during trial. Specifically, he complains of his trial counsel's failure to object to the court's omission of the words "intentionally or knowingly" from paragraph 6 of the jury charge.

■ Claims of ineffective assistance are analyzed under the rule set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by *Hernandez v. State,* 726 S.W.2d 53, 56–56 (Tex.Crim.App.1986). The appellant must show: (1) that his trial counsel's performance was not reasonably effective, falling below an objective standard of reasonableness under the prevailing professional norms, and (2) this deficient performance prejudiced his defense to the extent that the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Washington v. State,* 771 S.W.2d 537, 545 (Tex.Crim.App.1989). "A reasonable probability" means "a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. 2052; *Ex parte Walker,* 777 S.W.2d 427, 430 (Tex.Crim.App.1989). A showing of deficiency requires a demonstration that the trial counsel made errors so serious that he was not functioning as the "counsel" guaranteed a defendant under the Sixth Amendment. The prejudice element requires a showing that trial counsel's errors were so serious as to deprive the defendant of a fair trial; one whose result is reliable. *Strickland,* 466 U.S. at 687, 104 S.Ct. 2052. The totality of the representa-

tion is evaluated from counsel's perspective at trial, not his isolated acts or omissions in hindsight. *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990); *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986); *Mayhue v. State,* 969 S.W.2d 503, 510 (Tex.App.—Austin 1998, no pet.). The "reasonably effective assistance" standard does not mean errorless counsel. *Ex parte Felton,* 815 S.W.2d 733, 735 (Tex.Crim.App.1991); *Hernandez v. State,* 799 S.W.2d 507, 508 (Tex.App.—Corpus Christi 1991, pet. ref'd).

■ There is a strong presumption that trial counsel's conduct was reasonable and constitutes sound trial strategy. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052. The appellant has the burden of overcoming this presumption by demonstrating his trial counsel's performance was unreasonable under prevailing professional norms, and that the challenged action was not sound trial strategy. *Id.* at 688, 104 S.Ct. 2052; *Stafford v. State,* 813 S.W.2d 503, 506 (Tex.Crim.App.1991); *Mayhue v. State,* 969 S.W.2d 503, 511 (Tex.App.—Austin 1998, no pet.).

■ Appellant complains that his trial counsel was ineffective because he failed to object to the omission of the words "intentionally or knowingly" from paragraph 6 of the jury charge. However, in our discussion of appellant's second and third issues, we have held that appellant's federal constitutional right to due process was not violated by this omission, and we have found no egregious harm in the trial court's failure to properly apply the law to the facts of this case. Thus, appellant has failed to show how the outcome of his trial would have been different if the words "intentionally or knowingly" had been included in paragraph 6 of the jury charge.

The record shows that appellant's trial counsel filed pre-trial motions, made objections during the trial and the charge conference, vigorously cross-examined the State's witnesses, and set forth a plausible defense. After reviewing the entire rec-

ord, we hold appellant has not overcome the presumption of reasonableness. We overrule appellant's first issue.

The judgment of the trial court is affirmed.