NUMBER 13-01-167-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


LATORRIE FIELDS , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 23rd District Court

of Matagorda County, Texas.

__________________________________________________________________



MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Amidei (1)

Opinion by Justice Rodriguez


 Appellant, Latorrie Fields, brings this appeal following his conviction for the felony offense of delivering a controlled
substance. By three points of error, appellant contends the trial court erred by: (1) failing to charge the jury on the law of
entrapment; (2) refusing to grant appellant's request for a mistrial; and (3) including an Allen charge. (2) By his fourth point
of error, appellant contends the evidence is factually insufficient to support appellant's conviction. We affirm.

I. Facts

 As this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here. Tex. R. App. P.
47.4. 

II. Jury Charge

 By his first point of error, appellant contends the trial court erred in denying his request for a jury charge on the law of
entrapment.

A. Standard

 When an appellant alleges jury charge error, we must first determine whether there is any error in the charge. Hutch v.
State, 922 S.W.2d 166, 170 (Tex. Crim. App. 1996); Escobar v. State, 28 S.W.3d 767, 778 (Tex. App.-Corpus Christi
2000, pet. ref'd). If we conclude there is jury charge error, we must then determine if the error caused sufficient harm to
warrant reversal. See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). The extent of harm requiring reversal
is dictated by whether the error was preserved. See id.; Escobar, 28 S.W.3d at 767-77. If the error in the charge was the
subject of a timely objection, reversal is required if the error was calculated to injure the rights of the defendant, or in other
words, whether there was "some harm." Trevino v. State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003);Ovalle, 13 S.W.3d
at 786. On the other hand, if there were no proper objection to the charge error, we may reverse only if the record shows
that the error was so egregiously harmful that the defendant was denied a fair and impartial trial. See Ovalle, 13 S.W.3d at
786; Escobar, 28 S.W.3d at 777.

B. Analysis

 Whenever a defensive theory is raised by the evidence, the defendant is entitled to a jury instruction on that theory. Reese
v. State, 877 S.W.2d 328, 333 (Tex. Crim. App. 1994). In determining whether a defensive issue has been raised, this
Court must consider all of the evidence raised at trial, regardless of its strength or whether it is controverted. Id.; see
Barnes v. State, 70 S.W.3d 294, 304 (Tex. App.-Fort Worth 2002, pet. ref'd).

 Section 8.06 of the Texas Penal Code provides the following definition for entrapment:

(a) It is a defense to prosecution that the actor engaged in the conduct charged because he was induced to do so by a law
enforcement agent using persuasion or other means likely to cause persons to commit the offense. Conduct merely
affording a person the opportunity to commit an offense does not constitute entrapment.



Tex. Pen. Code Ann. § 8.06(a) (Vernon 2003). To establish an entrapment defense, an accused must produce evidence
that: (1) the conduct of the law enforcement agent, as viewed from the subjective standpoint of the defendant, induced the
defendant to commit the crime; and (2) the inducement was such that it would have induced an ordinary person, as viewed
from an objective standpoint. See England v. State, 887 S.W.2d 902, 913 (Tex. Crim. App. 1994); Barnes, 70 S.W.3d at
305.

 In this instance, the evidence shows Angela Sardinea, an informant for the Matagorda County Sheriff's Department,
telephoned appellant and asked him if he had any "dope." Appellant responded, "[y]es, what did [Sardinea] want?" We
find appellant's voluntary offer to sell the drugs was not induced by Sardinea's question. See England, 887 S.W.2d at 913;
Barnes, 70 S.W.3d at 305. It merely afforded appellant an opportunity to commit the charged offense. See Tex. Pen. Code
Ann. § 8.06(a). Thus, we find the trial court did not commit error in denying appellant's request for an entrapment
instruction. See Escobar, 28 S.W.3d at 778. Appellant's first point of error is overruled.III. Mistrial

 By his second point of error, appellant contends the trial court erred in denying his request for a mistrial.

 The trial court may exercise its discretion to discharge the jury when "it has been kept together for such a time as to render
it altogether improbable that it can agree." Tex. Code Crim. Proc. Ann. art. 36.31 (Vernon 1981); Jackson v. State, 17
S.W.3d 664, 676 (Tex. Crim. App. 2000). Reversible error is shown if the record reveals that the trial court abused its
discretion in holding the jury for deliberations. Jackson, 17 S.W.3d at 676; Bledsoe, 21 S.W.3d 615, 623 (Tex. App.-Tyler
2000, no pet.). There are no set time limits on the amount of time a jury may deliberate. Guidry v. State, 9 S.W.3d 133,
155 (Tex. Crim. App. 1999). Rather, we determine whether the trial court abused its discretion by looking at the amount of
time the jury deliberates in light of the volume of evidence, nature of the case, and length of the trial. See Jackson, 17
S.W.3d at 676; Ellis v. State, 99 S.W.3d 783, 787 (Tex. App.-Houston [1st Dist.] 2003, no pet.); Bledsoe, 21 S.W.3d at
623. 

 In this instance, the jury deliberated for approximately four hours before the trial court brought the jury out to check on its
progress. After learning that the jury had voted three times and the numerical division had changed from the first to the
third vote, the trial court asked if the jury was making progress. The presiding juror stated that it was. After approximately
two additional hours of deliberation, the jury returned a note to the judge suggesting they were unable to reach an
unanimous verdict. The trial court then prepared an Allen charge and appellant requested a mistrial.

 Considering the seriousness of this felony charge, the length of the trial, (3) and the amount of evidence, (4) we conclude the
trial court did not abuse its discretion in requiring the jury to continue deliberating. See Jackson, 17 S.W.3d at 676; Ellis,
99 S.W.3d at 787; Bledsoe, 21 S.W.3d at 623. Moreover, there is nothing to suggest that it was improbable the jury would
ever reach a unanimous verdict because the numerical division of the jurors changed after each of their votes, closer to
unanimity. See Tex. R. Crim. Proc. Ann. art. 36.31; Jackson, 17 S.W.3d at 676. Thus, the trial court did not abuse its
discretion in overruling appellant's motion for mistrial. Appellant's second point of error is overruled.





IV. Allen Charge

 By his third point of error, appellant contends the trial court erred in giving a coercive Allen charge. We find it
unnecessary to address this contention because error, if any, was waived.

 In this instance, appellant only objected to the charge itself, stating:

Yes . . . I would object. . . . This charge is, [sic] I think the only charge the jury needs is the charge to continue to deliberate
and the jury should not be instructed as to what effect its failure to reach a verdict will have or what subsequent actions will
be taken in case they cannot agree.



However on appeal, appellant argues that the trial court erred: (1) in soliciting the numerical divisions of the jurors' votes
before giving the Allen charge to the jurors; and (2) by suggesting, in the Allen charge, the trial judge was the only one who
could determine whether or not the jury would be able to agree on a verdict. Because these contentions do not comport
with appellant's objection, we find they are not preserved for our review. See Tex. R. App. P. 33.1(a); Thomas v. State, 723
S.W.2d 696, 700 (Tex. Crim. App. 1986); see also Calicult v. State, 503 S.W.2d 574, 576 n.1 (Tex. Crim. App. 1974);
Bledsoe, 21 S.W.3d at 622; Loving v. State, 947 S.W.2d 615, 619 (Tex. App.-Austin 1997, no pet.). Appellant's third point
of error is overruled.

V. Factual Insufficiency

 By his fourth point of error, appellant contends the evidence was factually insufficient to support his conviction because it
was based on the testimony of a confidential informant that was not corroborated by other evidence tending to connect
appellant with the offense. See Tex. Code Crim. Proc. Ann. art. 38.141 (Vernon Supp. 2003).

 Article 38.141 provides that:

(a) A defendant may not be convicted of an offense . . . on the testimony of a person who is not a licensed peace officer . . .
but who is acting covertly on behalf of a law enforcement agency . . . unless the testimony is corroborated by other
evidence tending to connect the defendant with the offense committed.



(b) Corroboration is not sufficient for the purposes of this article if the corroboration only shows the commission of the offense.



Id. art. 38.141(a) & (b) (Vernon Supp. 2003). 

 This article became effective in September 2001. The offense in question was committed in May 1999, and appellant was
tried and convicted in April 2000. Appellant does not offer a clear and concise argument, and does not provide any relevant
authority to support his contention that section 38.141 of the code of criminal procedure should have been applied under
the facts of this case. See Tex. R. App. P. 38.1(h). Thus, we hold this point of error to be inadequately briefed. See id.;
Tong v. State, 25 S.W.3d 707, 710 (Tex. Crim. App. 2000). Appellant's fourth point of error is overruled.IV. Conclusion

 Accordingly, we affirm the judgment of the trial court. 

NELDA V. RODRIGUEZ

Justice

 

Opinion delivered and filed this

the 19th day of June, 2003.

 

1. Former Justice Maurice Amidei assigned to this Court by the Chief Justice of the Supreme Court of Texas pursuant to
Tex. Gov't Code Ann. § 74.003 (Vernon 1998).

2. See Allen v. United States, 164 U.S. 492, 501 (1896). 

3. The trial lasted approximately three full days.

4. Six different witnesses testified and eight exhibits were introduced during the trial on the merits.