NUMBER 13-02-229-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

___________________________________________________________________


MORGAN MITZ , Appellant,



v.




THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 36th District Court

of Aransas County, Texas.

__________________________________________________________________



MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Rodriguez and Castillo

Opinion by Justice Rodriguez


 Appellant, Morgan Mitz, brings this appeal following a conviction for hindering apprehension or prosecution. By three
points of error, appellant contends: (1) the jury's verdict form was erroneous; (2) the evidence was legally insufficient to
support the conviction; and (3) the evidence was factually insufficient to support the conviction. We affirm.

I. Facts

 As this is a memorandum opinion, and the parties are familiar with the facts, we will not recite them here. Tex. R. App. P.
47.4. 

II. Jury Charge

 By her first point of error, appellant contends the jury charge was erroneous because the conduct described in the jury
verdict form was not defined as an offense under section 38.05(a) of the Texas Penal Code. See Tex. Pen. Code Ann. §
38.05(a) (Vernon 2003). 

A. Standard of Review

 When we review alleged charge error, we determine: (1) whether error actually exists in the charge; and (2) whether any
resulting harm requires reversal. Castanedav. State, 28 S.W.3d 685, 694 (Tex. App.-Corpus Christi 2000, no pet.); see
Mann v. State, 964 S.W.2d 639, 641 (Tex. Crim. App. 1998). If we conclude there is jury charge error, we must determine
if the error caused sufficient harm to warrant reversal. See Ovalle v. State, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000). 
The extent of harm requiring reversal is dictated by whether the error was preserved. See id.; Escobar v State, 28 S.W.3d
767, 777 (Tex. App.-Corpus Christi 2000, pet. ref'd). If the error in the charge was the subject of a timely objection,
reversal is required if the error was calculated to injure the rights of the defendant, or in other words, whether there was
"some harm." Trevino v. State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003); Escobar, 28 S.W.3d at 777. On the other
hand, if the error was not properly objected to, we may reverse only if the record shows that the error was so egregiously
harmful that the defendant was denied a fair and impartial trial. See Ovalle, 13 S.W.3d at 786; Escobar, 28 S.W.3d at 777. 
B. Analysis

 Section 38.05 of the Texas Penal Code provides the following for hindering apprehension or prosecution of juveniles:

 (a) A person commits an offense if, with intent to hinder the arrest, detention, adjudication, or disposition of a child for
engaging in the delinquent conduct that violates a penal law of the grade of felony, he: (1) harbors or conceals the other, (2)
provides or aids in providing the other with any means of avoiding arrest or effecting escape, or (3) warns the other of
impending discovery or apprehension.



Tex. Pen. Code Ann. § 38.05(a). Paragraph four of the jury charge in this case read as follows:

 Now, if you find from the evidence beyond a reasonable doubt that on or about the 20th day of April, 2001, in Aransas
County, Texas, the [appellant] . . . did then and there, with the intent to hinder the disposition of G.A.M. for engaging in
delinquent conduct that violates a penal law for the grade of felony, namely, Burglary of a Habitation, intentionally or
knowingly harbored or concealed the said G.A.M., then you will find [appellant] guilty as charged in the indictment.

 

In addition, the jury's verdict form states, "We, the jury, find the defendant, [appellant], guilty of hindering apprehension or
prosecution as charged in the indictment."

 Appellant contends the conduct described in the jury verdict form, hindering apprehension or prosecution, is not defined as
an offense under section 38.05(a) of the Texas Penal Code. This argument is without merit. The verdict form includes the
title of the pertinent section of the penal code as charged in the indictment. Also, the charge to the jury correctly tracks the
penal code. See id. There is nothing in the record to support a finding of error in the jury charge. Appellant's first point of
error is overruled. 

III. Legal and Factual Sufficiency

 By her second and third points of error, appellant contends the evidence is legally and factually insufficient to support a
conviction. 

A. Standard of Review

 When reviewing the legal sufficiency of the evidence, we look at all the evidence in the light most favorable to the verdict
to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. 
Jackson v. Virginia, 443 U.S. 307, 319 (1979); Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). Any
inconsistencies in the evidence should be resolved in favor of the verdict. Moreno v. State, 755 S.W.2d 866, 867 (Tex.
Crim. App. 1988).

 In reviewing factual sufficiency, we examine all of the evidence impartially and set aside the verdict only if it is so
contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Johnson, 23 S.W.3d at 7. A clearly
wrong and unjust verdict is "manifestly unjust," "shocks the conscience," or "clearly demonstrates bias." Rojas v. State,
986 S.W.2d 241, 247 (Tex. Crim. App. 1998). We reverse a judgment of conviction only if the proof of guilt is so
obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken
alone, is greatly outweighed by the contrary proof. Swearingen v. State, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003); see
Johnson, 23 S.W.3d at 11. This Court must give due deference to the fact finder's determinations concerning the weight and
credibility of the evidence. Swearingen, 101 S.W.3d at 97; see Johnson,23 S.W.3d at 11. 

B. Analysis

 Appellant was convicted of hindering apprehension or prosecution. Again, section 38.05(a) of the Texas Penal Code
provides that it is an offense to hinder the disposition of a child by harboring or concealing the child. See Tex. Pen. Code
Ann. § 38.05(a). 

 Testimony at trial revealed that appellant and her son, G.A.M., attended a modification hearing on his disposition. At the
hearing, the juvenile court judge required G.A.M. to voluntarily admit himself to the High Frontier Residential Treatment
Center, located in Fort Davis, Texas, no later than April 20, 2001. Appellant was granted permission to transport G.A.M.
to the treatment facility. However, appellant never transported her son to the facility despite the clear instructions to do so. 
Instead appellant, G.A.M., and a female friend fled to Louisiana, Arkansas, and eventually Florida. Testimony as to why
they fled is inconsistent. Appellant did testify, however, that she never called the authorities to explain. 

 Viewing the evidence in the light most favorable to the verdict, a rational jury could have found beyond a reasonable
doubt that appellant hindered the disposition of G.A.M. by harboring or concealing him from the treatment center. 
Jackson, 443 U.S. at 319. Although there were some inconsistencies in the testimony, these should be resolved in favor of
the verdict because the jury is the ultimate fact-finder. Moreno, 755 S.W.2d at 867. Thus, we find that the testimony by all
of the witnesses is legally sufficient to support a conviction. Jackson, 443 U.S. at 319. 

 Moreover, viewing all of the evidence impartially shows the verdict is not contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. Johnson, 23 S.W.3d at 7. We find the testimony at trial was factually sufficient
to support the conviction. Appellant's second and third points of error are overruled. 

V. Conclusion

 Accordingly, we affirm the judgment of the trial court.

NELDA V. RODRIGUEZ

Justice



Do not publish.

Tex. R. App. P. 47.2(b).



Opinion delivered and filed this

17th day of July, 2003.