NUMBER 13-03-542-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
ERIK AREVALO,                                                                         Appellant,

v.

THE STATE OF TEXAS,                                                             Appellee.
                                                                                                                                      

On appeal from the 28th District Court of Nueces County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Yañez, Rodriguez, and Garza
Memorandum Opinion by Justice Yañez
 

            In a single issue, appellant, Erik Arevalo, challenges his conviction of aggravated
robbery.


 Appellant argues that the trial court erred in submitting an instruction to the jury
on the law of parties. We affirm.
          As this is a memorandum opinion not designated for publication and the parties are
familiar with the facts, we will not recite them here except as necessary to advise the
parties of the Court’s decision and the basic reasons for it. See Tex. R. App. P. 47.4.
          The record contains the trial court’s certification that the case is not a plea-bargain
case and the defendant has the right to appeal. See Tex. R. App. P. 25.2(a)(2).
Analysis
          Appellant argues that he was denied a fair jury trial when the trial court submitted
an instruction on the law of parties to the jury. Specifically, appellant contends that
because the State primarily presented direct evidence of appellant’s guilt as a principal
actor, instruction as to the law of parties was unnecessary, and that the trial judge erred
in submitting such an instruction to the jury.
          We conclude it is unnecessary for us to determine whether the trial court erred in
submitting an instruction on the law of parties, because such an instruction is harmless in
situations where the evidence clearly supports a defendant’s guilt as a principal actor. See
Cathey v. State, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999) (where evidence clearly
supports defendant’s guilt as primary actor, error in submitting an instruction on law of
parties is harmless); Ladd v. State, 3 S.W.3d 547, 564-65 (Tex. Crim. App. 1999) (quoting
Black v. State, 723 S.W.2d 674, 675 (Tex. Crim. App. 1986)) (same).
          To be guilty as a principal actor of aggravated robbery, a person must commit
robbery and exhibit a deadly weapon. See Tex. Pen. Code Ann. § 29.03 (Vernon 2003). 
A robbery occurs when, during the course of committing theft,


 a person intentionally or
knowingly places another in fear of imminent bodily injury or death. See id. § 29.02.
          Here, appellant and Albert Pina entered a jewelry store owned by George Anna
Afram. Shortly thereafter, appellant and Pina brandished firearms, pointed them at Afram,
and ordered her to lie on the ground. Appellant then vaulted over one of the showcases
and entered an adjoining pawnshop also owned by Afram. Upon his return to the jewelry
store, appellant again pointed his gun at Afram, this time as she struggled with Pina over
an unloaded shotgun. Afram testified that she was in fear of being shot by appellant both
during the struggle for the shotgun and at the time appellant initially exhibited the firearm. 
See Escobar v. State, 28 S.W.3d 767, 775 (Tex. App.–Corpus Christi 2000, pet. ref’d.)
(exhibiting a firearm is sufficient to place another in fear of imminent bodily injury or death). 
The record also reflects that appellant and Pina exited the store with jewelry and cash. 
See Tex. Pen. Code Ann. § 31.03(b)(1) (Vernon Supp. 2004) (appropriation of property is
unlawful if it is without owner’s effective consent).
          We conclude from Afram’s testimony and evidence regarding appellant’s unlawful
appropriation of Afram’s property, that the jury properly determined appellant’s guilt as a
principal actor, see Ladd, 3 S.W.3d at 565; Cathey, 992 S.W.2d at 466, and that any error
in submitting an instruction on the law of parties was harmless. See id. 
          Accordingly, we affirm the judgment of the trial court.
                                                                                                                      
                                                               LINDA REYNA YAÑEZ
                                                                           Justice


Do not publish. Tex. R. App. P. 47.2(b).

Memorandum opinion delivered and filed this the
19th day of August, 2004.