In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00214-CR
______________________________


MICHAEL WILLS, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 5th Judicial District Court
Bowie County, Texas
Trial Court No. 03F0082-005


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Michael Wills was found guilty by a Bowie County jury of aggravated robbery. The
jury assessed his punishment at eighteen years' imprisonment. Wills now appeals,
contending the State's evidence was factually insufficient to support the jury's finding that
he used or exhibited a deadly weapon during the commission of the robbery. We affirm
the judgment.
Background
          The evidence showed the following sequence of events: two men entered a
restaurant in Texarkana on December 15, 2002, at approximately 10:30 a.m. The men
wore dark clothing and gloves and demanded money. One man wore a Halloween mask
and the other wore a knit hat pulled over his face. According to the restaurant manger,
LaToya Wyrick, one of the men pointed a handgun directly at her, and both men
threatened her as they directed her to open the safe. An employee, Patricia McChester,
testified she recognized Wills as one of the men, based on his voice and his leg monitor.


 
McChester confirmed that, while the two men demanded money from Wyrick, one of the
men pointed a gun at Wyrick. As the two men left the building, Wills directed McChester
to "Stay down." 
          When an emergency call came in from one of the restaurant customers, Texarkana,
Arkansas police officer Wayne Easley was in the vicinity of the restaurant.


 As he
approached, he saw the two men running in a northerly direction from the restaurant. 
When Easley crossed the median and turned around, the two men split up, one continued
to run in a northerly direction and the other ran in a southwesterly direction. Easley got out
of his car and began pursuing one of the suspects. Easley caught the man, later identified
as Travoya French, and recovered a bag of money containing approximately $3,500.00
and a mask.


 
          Other officers from Texas and Arkansas arrived and began the search for the
second suspect who had run toward the back of a nearby tractor supply store. Ten to
fifteen minutes after officers were dispatched, Sergeant Billy Jones of the Texarkana,
Arkansas Police Department, found the second suspect hiding in a closed dumpster
behind the store. This second suspect, who was wearing a leg monitor when arrested, was
identified as Wills. From the dumpster in which Wills was found, officers recovered a knit
cap, dark-colored gloves, and a twenty dollar bill. All parties agree no gun was ever
recovered in the investigation. 
Aggravated Robbery and Law of Parties
          A person commits robbery if, in the course of committing theft and with intent to
obtain or maintain control of the property, such person (1) intentionally, knowingly, or
recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death. Tex. Pen. Code Ann. § 29.02
(Vernon 2003). That person commits aggravated robbery if he or she "uses or exhibits a
deadly weapon" during the robbery. Tex. Pen. Code Ann. 29.03(a)(2) (Vernon 2003).
          "A person is criminally responsible for an offense committed by the conduct of
another if . . . acting with intent to promote or assist the commission of the offense, [such
person] solicits, encourages, directs, aids, or attempts to aid the other person to commit
the offense." Tex. Pen. Code Ann. § 7.02(a)(2) (Vernon 2003); Crutcher v. State, 969
S.W.2d 543, 545 (Tex. App.—Texarkana 1998, pet. ref'd). To establish liability as a party,
the State must prove conduct constituting an offense, plus an act by the defendant done
with the intent to promote or assist such conduct. See Beier v. State, 687 S.W.2d 2, 3–4
(Tex. Crim. App. 1985). Evidence is sufficient to convict a person under the law of parties
where the person is present at the commission of the offense, and encourages the
commission of the offense either by words or other agreement. See id. "Mere presence
alone without evidence of intentional participation is insufficient." Id. at 4. The fact-finder
may base its determination on the events occurring before, during, and after commission
of the offense, and may rely on the actions of the accused which show an understanding
and common design to commit the criminal act. Id.
          The evidence must show that, at the time of the offense, the parties were acting
together, each contributing some part toward the execution of their common purpose. See
Escobar v. State, 28 S.W.3d 767, 774 (Tex. App.—Corpus Christi 2000, pet. ref'd); Rosillo
v. State, 953 S.W.2d 808, 814 (Tex. App.—Corpus Christi 1997, pet. ref'd). More
specifically, to be guilty as a party to aggravated robbery, a defendant must intend to
promote or assist an aggravated robbery—not just a theft—and solicit, encourage, direct,
aid, or attempt to aid another person in committing aggravated robbery. See Wooden v.
State, 101 S.W.3d 542, 548 (Tex. App.—Fort Worth 2003, pet. ref'd); Woods v. State, 749
S.W.2d 246, 248 (Tex. App.—Fort Worth 1988, no pet.).
Factual Sufficiency Standard of Review
          When reviewing a challenge to the factual sufficiency of the evidence to support the
conviction, we are required to determine whether, considering all the evidence in a neutral
light, the jury was rationally justified in finding guilt beyond a reasonable doubt. Zuniga v.
State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). There are two ways in which we may
find the evidence to be factually insufficient. First, if the evidence supporting the verdict,
considered alone, is too weak to support the jury's finding of guilt beyond a reasonable
doubt, then we must find the evidence insufficient. Id. Second, if—when we weigh the
evidence supporting and contravening the conviction—we conclude that the contrary
evidence is strong enough that the State could not have met its burden of proof, we must
find the evidence insufficient. Id. at 484–85. "Stated another way, evidence supporting
guilt can 'outweigh' the contrary proof and still be factually insufficient under a
beyond-a-reasonable doubt standard." Id. at 485. If the evidence is factually insufficient,
then we must reverse the judgment and remand for a new trial. Clewis v. State, 922
S.W.2d 126, 135 (Tex. Crim. App. 1996).
Factual Sufficiency of the Evidence Regarding a Deadly Weapon
          The State concedes that no gun was introduced into evidence at trial, but points to
Chandler v. State, 855 S.W.2d 38, 42 (Tex. App.—Fort Worth 1993, no pet.), to support
its position that the absence of a gun in evidence is not fatal to its case. We agree. The
Chandler court reiterated that "the actual 'gun' need not be put in evidence for the jury to
find a deadly weapon was used in the commission of the offense." Id.; see Rogers v.
State, 795 S.W.2d 300, 303 (Tex. App.—Houston [1st Dist.] 1990, pet. ref'd).
          Acts Constituting an Offense
          Both Wyrick and McChester clearly testified that one of the men pointed a handgun
at Wyrick during the robbery; neither witness ever deviated on that point. This testimony
is sufficient to show that a gun was used during the commission of the robbery. Exactly
which of the two men pointed the gun, however, is not as clear. Wyrick testified that she
could not remember which man pointed the gun at her. Though not absolutely clear as to
the roles of each man in the robbery, McChester, who recognized Wills during the robbery,
indicated that it was "the bigger" man, not Wills, who pointed the gun at Wyrick. So, the
record, at least, suggests that Wills was not the one who physically used or exhibited a
deadly weapon. 
          Nevertheless, according to two witnesses present during the event, one of the men
pointed a gun at Wyrick. By pointing out that neither witness could positively identify Wills
as the one who actually held the gun, Wills seems to contend that the evidence is factually
insufficient to prove that he used or exhibited a deadly weapon. The State, however, does
not need to prove specifically that Wills was the one who pointed the gun at Wyrick; Wills
may be guilty of aggravated robbery no matter which of the two masked men wielded the
gun. See Tex. Pen. Code Ann. §§ 7.01, 7.02 (Vernon 2003).
          Acts Constituting Party Liability
          The evidence shows that both men actively participated in the robbery. Having
concluded that the evidence is factually sufficient that one of the men pointed a gun at
Wyrick during the robbery, we further conclude that, because Wills participated in the
robbery, he is guilty as a party of aggravated robbery, regardless of whether he or his
partner actually pointed the gun at Wyrick.



          We see a somewhat similar fact situation in Miller v. State, 177 S.W.3d 1 (Tex.
App.—Houston [1st Dist.] 2004, no pet.), in which two defendants were tried together on
charges of aggravated robbery. Id. at 2. The evidence was legally and factually sufficient
to support Leroy's conviction for aggravated robbery when the record showed that Miller
restrained the victim at knife point while Leroy searched for items to steal. Id. at 5. The
Miller court concluded that the evidence showed that Leroy intended to assist in
commission of the robbery and lent aid to Miller. Id. Under the law of parties, Leroy was,
therefore, criminally responsible for Miller's exhibition of the knife. Id.
          Here, we examine the aggravated robbery from beginning to end to assess the
participation and contribution from Wills. First, we point out that Wills and French arrived
at the restaurant together, both wearing gloves and both wearing dark clothes and articles
to hide their faces. Wills' presence and participation thus far shows an understanding and
common design to commit this aggravated robbery.
          Second, we note that, throughout her testimony, Wyrick repeatedly explained what
"they" were doing, strongly suggesting that the two men acted in concert in carrying out the
offense. In fact, she explained that both men came behind the counter and specifically
points out that "Both were participating." While Wyrick did not always clearly distinguish
which of the two men took a particular action, she did make clear that both men played
active roles in the aggravated robbery.
          Further, McChester testified that Wills, whom she recognized by voice and by his
leg monitor, ordered her to stay down after French ordered her to the ground. Her
testimony lends support to the conviction in at least two ways. First, the fact that
McChester was able to recognize and make note of Wills' voice indicates that Wills did, in
fact, actively participate in the aggravated robbery through, at a minimum, verbal
commands. Second, the substance of his direction to McChester goes directly to the
aggravating element, in that his direction flowed from and demanded compliance with the
orders from the gun-wielding French. By ordering McChester to stay down, he
demonstrated an intent to promote or assist the commission of the aggravated robbery and
to aid French in the commission of aggravated robbery.
          Finally, the record shows the two men fled the restaurant together, and initially did
so in the same direction. The two split up and began running in different directions only
when officers began to pursue them. Based on the evidence of events occurring before,
during, and after the commission of the aggravated robbery, we conclude the record
supports the jury's verdict by providing factually sufficient evidence that Wills, acting with
the intent to promote or assist the commission of the offense, encouraged and aided
French in the commission of aggravated robbery. See Tex. Pen. Code Ann. § 7.02(a)(2). 
The record demonstrates that Wills and French were acting in concert, "each contributing
some part toward the execution of their common purpose." See Escobar, 28 S.W.3d at
774.
Conclusion
          Having reviewed the record, we conclude the evidence is factually sufficient to
support the conviction. Sufficient evidence shows that a gun was used during the robbery
at the restaurant, an aggravated robbery in which Wills actively participated and
contributed. That being the case, the evidence was factually sufficient to prove that Wills
is guilty of aggravated robbery. We overrule his contentions to the contrary and affirm the
trial court's judgment.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      July 20, 2006
Date Decided:         July 21, 2006

Do Not Publish