NUMBER 13-00-018-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


CHRISTINO D. RIVERA, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 230th District Court


of Harris County, Texas.


___________________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Dorsey and

Rodriguez

Opinion by Chief Justice Valdez



 A jury found appellant Christino Rivera guilty of aggravated
assault. Rivera was sentenced to twelve years imprisonment and
ordered to pay a $6,000 fine. See Tex. Pen. Code Ann. §22.02 (Vernon
1994). Rivera appeals this conviction by two issues. We affirm.

Background


 Rivera was charged with stabbing Noe Perez, his former employer. 
The facts underlying the assault are in dispute. According to Perez and
a witness, Rivera stabbed Perez without provocation at a Houston
carwash. However, according to Rivera and his wife, Guadalupe
Odonez, Perez physically assaulted Odonez at the carwash, and pulled
her towards his vehicle in order to sexually assault her. During this
altercation, Perez assaulted Rivera with a knife, and Rivera obtained this
knife to stab Perez. Rivera thus alleged at trial that he stabbed Perez in
self defense and in defense of Odonez.

Analysis


 In the instant case, the jury was instructed on self defense, but
was not instructed about defense of a third party. Rivera contends that
the trial court's failure to instruct the jury on defense of a third party
deprived him of due process of law. However, a trial court has no duty
to sua sponte instruct the jury on a defensive issue when the defendant
fails to request such an instruction. Posey v. State, 966 S.W.2d 57, 62
(Tex. Crim. App. 1998). This is so even where evidence adduced at trial
raises the issue. Id. Moreover, a trial court's failure to perfectly apply
the law to the facts of the case in an otherwise acceptable jury charge
does not rise to the level of constitutional error. See Escobar v. State,
28 S.W.3d 767, 780 (Tex.App.--Corpus Christi 2000, no pet.). We
overrule Rivera's first issue.

 Rivera also contends that his attorney erred in failing to object to
the omission of this instruction from the charge, thus he was deprived
of effective assistance of counsel. The proper standard of review for
effectiveness of counsel was established by Strickland v. Washington,
466 U.S. 668, 686 (1984). See Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex.
Crim. App. 1999). 

 Strickland requires a two-part inquiry. The defendant must first
show that counsel's performance was deficient, i.e., that his assistance
fell below an objective standard of reasonableness. Thompson, 9
S.W.3d at 812. Second, the defendant must further prove that there is
a reasonable probability that but for counsel's deficient performance,
the result of the proceeding would have been different. Id. A
reasonable probability is a probability sufficient to undermine
confidence in the outcome. Id. 

 The appellant bears the burden of proving by a preponderance of
the evidence that counsel was ineffective. Id. at 813. There is a strong
presumption that counsel's conduct fell within the wide range of
reasonable professional assistance. See Strickland, 466 U.S. at 689;
Miniel v. State, 831 S.W.2d 310, 323 (Tex. Crim. App. 1992). To defeat
the presumption of reasonable professional assistance, "any allegation
of ineffectiveness must be firmly founded in the record, and the record
must affirmatively demonstrate the alleged ineffectiveness." McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied, 519
U.S. 1119 (1997).

 In the instant case, Rivera fails to meet the first requirement of the
Strickland test, that is, showing that his counsel's performance was
deficient. The record must contain evidence of counsel's reasoning, or
lack thereof, to rebut the presumption that counsel was applying sound
trial strategy. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App.
1994). There is no evidence in the record that rebuts the presumption
that Rivera's counsel was providing reasonable professional assistance
at trial. 

 Moreover, even if we were to conclude that counsel's failure to
request an instruction was sufficient to show that counsel's
performance was deficient under the first prong of Strickland, Rivera
would be unable to show that counsel's deficient performance
prejudiced his defense, as required under the second prong of the
Strickland test. The trial court instructed the jury on self defense. The
jury nevertheless found Rivera guilty of aggravated assault. By finding
him guilty of aggravated assault, the jury implicitly rejected Rivera's self
defense theory. See Saxon v. State, 804 S.W.2d 910, 914 (Tex. Crim.
App. 1991). This negative finding on the part of the jury precludes the
possibility that Rivera was justified in using deadly force to defend a
third person. See Curtis v. State, 754 S.W.2d 460, 462 (Tex. App.--Dallas 1988, pet. ref'd). Under these circumstances, any error in failing
to request an instruction on defense of a third person was harmless,
and Rivera cannot show prejudice as required by Strickland. 
Consequently, we overrule Rivera's second issue.

 We affirm the judgment of the trial court.


 _________________________

 ROGELIO VALDEZ

 Chief Justice



Do not publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 29th day of March, 2001.