NUMBER
13-00-666-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH
DISTRICT OF TEXAS

 

                                CORPUS
CHRISTI

___________________________________________________________________

 

LEONARD HENDERSON,                                                        Appellant,

 

                                                   v.

 

THE STATE OF TEXAS,                                                          Appellee.

___________________________________________________________________

 

                        On
appeal from the 105th District Court

                                  of Nueces County, Texas.

__________________________________________________________________

 

                                   O
P I N I O N

 

       Before
Chief Justice Valdez and Justices Hinojosa and Rodriguez

                                Opinion
by Justice Rodriguez

 








Appellant, Leonard Henderson, was charged with the felony
offense of aggravated robbery as a repeat offender.  After the trial court denied his motion for
instructed verdict,[1]
Henderson was found guilty and sentenced to sixty years confinement.  Henderson subsequently filed a motion for new
trial which was also denied by the trial court.[2]  By three points of error, Henderson contends
the trial court erred in denying his motions for instructed verdict and new
trial.  We affirm.

                                                       I.  FACTS

At trial, police officers Michael Carranza and Bruce Ward
testified the victim, Andrew Hartwell, flagged them down and informed them he
had been beaten and robbed in a nearby alleyway.  Hartwell told the officers one of the men who
robbed him was wearing red shorts and a red shirt, and that the man=s accomplices
referred to him as AHollywood.@  

Officer Ward testified he knew a man named Leonard Henderson
who went by the name AHollywood.@  After his initial conversation with Hartwell,
Officer Ward went to Henderson=s house and
found him sitting on the front porch. 
Officer Ward arrested Henderson and took him back to Hartwell, who
identified Henderson as one of the men responsible for the attack.  Henderson was wearing red shorts and no shirt
at the time of the identification.  








During the trial, Henderson admitted he had committed previous
felonies, including robbery, aggravated assault on a peace officer, and
possession of cocaine.  He also admitted
to a lengthy list of misdemeanor convictions.

I.  ANALYSIS

A. Appellant=s Motion for
Instructed Verdict

By his first point of error, Henderson contends the trial court
erred by not granting his motion for instructed verdict.  As the basis for his motion, he argued the
on-scene and in-court identifications of him were the fruit of an illegal
arrest, and thus, were inadmissible as evidence.  

To preserve a complaint for appellate review, the appellant
must make a specific, timely objection and obtain a ruling on the objection.  See Tex.
R. App. P 33.1(a)(1)(A); Wilson v. State,
71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Dinkins v. State, 894 S.W.2d
330, 355 (Tex. Crim. App. 1995).  An
objection is timely when it is raised at the earliest possible opportunity.  Wilson, 71 S.W.3d at 349.  In other words, to be timely, an objection
should be raised as soon as the defense knows or should know an error has
occurred.  Dinkins, 894 S.W.2d at 355. 
This generally happens when the evidence is admitted.  Id.








In the present case, officers Carranza and Ward testified about
the manner in which Henderson=s arrest and
identification took place without any objection from Henderson.  Additionally, Henderson did not file a motion
to suppress before or during trial. 
Instead, he waited until the State closed and then asked for an
instructed verdict.   We find
Henderson=s motion for
instructed verdict failed to preserve his complaint for appellate review.  Henderson=s first point of error is overruled. 

B. The Trial Court=s Denial of
Motion for New Trial

By his second point of error, Henderson contends the trial
court erred by not granting his motion for new trial because the trial court
misdirected the jury about the law. 
Henderson relies on rule  21.3(b) of the rules of appellate
procedure arguing that any misdirection of a jury about the law by the trial
judge automatically warrants a new trial. 
Rule 21.3(b) states: AA defendant
must be granted a new trial when the trial court has misdirected the jury about
the law or has committed some other material error likely to injure the
defendant=s rights.@  Tex.
R. App. P. 21.3(b); Luna v. State, 70 S.W.3d 354, 360 (Tex. App.BCorpus Christi
2002, no pet.).  However, the court of
criminal appeals has held that, according to article 36.19 of the code of
criminal procedure, a misdirection of the law by the trial court to a jury does
not automatically warrant reversal of the trial court=s verdict, but
rather is subject to a harm analysis.  See
Almanza v. State, 686 S.W.2d 157, 171-74 (Tex. Crim. App. 1985); see
also Tex. Code.
Crim. Proc. Ann. art.
36.19 (Vernon 1981). 








When reviewing an issue pertaining to the possible misdirection
of a jury about the law, the reviewing court must first determine whether there
was error contained in the jury charge.  See
Mann v. State, 964 S.W.2d 639, 641(Tex. Crim. App. 1998) (citing Abdnor
v. State, 871 S.W.2d 726 (Tex. Crim. App. 1994)).          In the present case, the trial court granted the State=s request that
a paragraph explaining the inevitable discovery rule, as it related to the
possible unlawful arrest of Henderson, be added at the end of section six of
the jury charge.[3]  The paragraph in question read as follows:

Although you may find that the arrest of
the Defendant was not lawful, you are further instructed that if the identity
of the Defendant as a result of proper police investigative techniques would
have been inevitably discovered separate and apart from the on-scene
identification by Andrew Hartwell, then you may then [sic] consider such
testimony of said Officers and Andrew Hartwell during your deliberations.  

Henderson
argues, and the State concedes in its brief on appeal, that the State of Texas
does not recognize an inevitable discovery rule.  See Roquemore v. State, 60 S.W.3d 862,
872 (Tex. Crim. App. 2001); Chavez v. State, 9 S.W.3d 817, 819 (Tex.
Crim. App. 2000); State v. Daugherty, 931 S.W.2d 268, 269-70 (Tex. Crim.
App. 1996); see also Tex. Code. Crim. Proc. Ann. art. 38.23(a)
(Vernon Supp. 2002).  Therefore,
we hold the trial court=s inclusion of
an instruction in the jury charge regarding the inevitable discovery doctrine
constituted a misdirection to the jury about the
law.  See Daugherty, 931 S.W.2d at
269-70; see also Mann, 964 S.W.2d at 641.








Second, we will determine whether the error resulted in
sufficient harm to warrant reversal.  See
Mann, 964 S.W.2d at 641; see also Almanza, 686 S.W.2d at 171.  The standard used to determine whether
sufficient harm results from a charging error by the trial court depends on
whether the appellant properly objected to the error.  Almanza, 686 S.W.2d
at 171.  If a timely objection was
made in the trial court regarding the error in the jury charge, reversal is
required as long as the error was not harmless. 
Mann, 964 S.W.2d at 641; Escobar v. State, 28
S.W.3d 767, 777 (Tex. App.BCorpus Christi
2000, pet ref=d) (citing Almanza,
686 S.W.2d at 171).  However, if no
proper objection to the error was made at trial, but is raised for the first
time on appeal, the appellant must show that egregious harm resulted from the
error.  Mann, 964
S.W.2d at 641; Almanza, 686 S.W.2d at 171-72; Escobar, 28
S.W.3d at 777.  Egregious harm
constitutes error that was so severe it deprived the appellant of a fair and
impartial trial.  Almanza, 686 S.W.2d at 172; Escobar, 28 S.W.3d at 777.  

Henderson did not make an objection to the inclusion of the
inevitable discovery doctrine in the jury charge.  See
Tex. R. App. P.  33.1.  Since a proper objection to the
charging error was not made, Henderson has to show the error caused such
egregious harm that it deprived him of a fair and impartial trial.  See Almanza, 686
S.W.2d at 172; Escobar, 28 S.W.3d at 777.  








The inclusion of the inevitable discovery doctrine in the jury
charge instructed the jury that, even if they found the arrest unlawful, if
they found the defendant=s identity
would have been Ainevitably
discovered@ separate and
apart from the on-scene identification by Hartwell, the testimony of the police
officers and Hartwell concerning the identity of the Henderson could be
considered.  Henderson contends if the
jury had not been misdirected, the on-scene and in-court identifications of him
by Hartwell would not have been considered by the jury.  It is true that the on-scene identification
of Henderson by Hartwell would not have been admissible if his arrest was
unlawful.  See Tex. Code Crim. Proc. Ann. art. 38.23(a)
(Vernon Supp. 2002); State v. Ballard, 987 S.W.2d 889, 892 (Tex. Crim.
App. 1999).  However, a defendant=s face is not a
suppressible fruit of an illegal arrest. 
United States v. Crews, 445 U.S. 463, 477 (1980); Pichon v.
State, 683 S.W.2d 422, 426 (Tex. Crim. App. 1984); Mungia v. State,
911 S.W.2d 164, 166 n.5 (Tex. App.BCorpus Christi
1995, no pet.).  Hartwell=s in-court
identification occurred after, and independent of, the alleged illegal
arrest.  Therefore, even if the trial
court had not misdirected the jury regarding the inevitable discovery doctrine,
the jury would have still been able to consider the in-court identification of
Henderson.  See Crews, 445 U.S. at
477.  

When the testimony tainted by the alleged unlawful arrest is
not considered, we find enough evidence still remained for a reasonable trier
of fact to find Henderson guilty beyond a reasonable doubt.  Therefore, the harm, if any, suffered by
Henderson was not sufficient enough to deprive him of a fair and impartial
trial.  See Almanza, 686 S.W.2d at 172; Escobar, 28 S.W.3d 777.  Henderson=s second point of error is overruled.








By his third point of error, Henderson contends the trial court
erred by denying his motion for new trial because material evidence favorable
to his position had been discovered.   
The Texas Code of Criminal Procedure provides that a new trial shall be
given to an accused where material evidence favorable to the accused has been
discovered since trial.  Tex. Code Crim. Proc. Ann. art. 40.001
(Vernon Supp. 2002).  The trial
court may, in its discretion, grant a new trial based on newly discovered
evidence, and its ruling will not be overturned on appeal absent an abuse of
discretion.  Keeter v. State, No.
1057-01, 2002 Tex. Crim. App. LEXIS 96, at *16 (May 1, 2002); Drew v. State,
743 S.W.2d 207, 225 (Tex. Crim. App. 1987); Moreno v. State, 1 S.W.3d
846, 852-53 (Tex. App.BCorpus Christi 1999, pet ref=d).  To establish an abuse of discretion, the
appellant must show: (1) the evidence was unknown to him before trial; (2) his
failure to discover the evidence was not due to his want of diligence; (3) it
is probably true and its materiality will probably bring about a different
result upon a new trial; (4) it is competent, not merely cumulative,
corroborative, collateral, or impeaching. 
Drew, 743 S.W.2d at 226; Moreno,
1 S.W.3d at 853.  

The Aprobably true@ requirement
means the trial court must determine that the whole record presents no good
cause to doubt the credibility of the witness whose testimony constitutes new
evidence, either by reason of the facts proven at the trial or by the
controverting affidavits on the motion, or otherwise.  Jones v. State, 711 S.W.2d 35, 37 n.4 (Tex. Crim. App. 1986); Moreno, 1 S.W.3d at
853.  Stated otherwise, the trial court
can find the new evidence is probably not true when it contradicts either the
mass of reliable testimony at trial or the defendant=s own testimony, or the new testimony is inconsistent or otherwise
inherently suspect.  See Jones,
711 S.W.2d at 37 n.4.








The new witness testimony offered by Henderson in the present
case contains several inconsistencies and contradictions to the record.  The new witness, Homer Lee Petty, states that
Henderson was a bystander at the scene of the crime who did not take part in
the commission of the crime.  This contradicts
Henderson=s own testimony
at trial that he was nowhere near the crime scene but rather at his house with
two of his friends.  Another
contradiction exists in Petty=s statement
that, at the scene of the crime, Hartwell asked him where he could obtain marijuana.  This is inconsistent with Hartwell=s testimony
regarding the events that took place. 
Finally, Petty admits in his affidavit that he initially Adecided to
leave@ when the
police showed up after the robbery, and offers no explanation for refusing to
come forward with this evidence before trial. 
Based on these conflicts, the trial court may have found that Petty=s testimony was
probably not true.  See id.

After reviewing the evidence, we hold the trial judge did not
abuse his discretion by denying Henderson=s motion for a
new trial.  Drew, 743 S.W.2d at 226; Moreno, 1 S.W.3d at 853.  Henderson=s third point of error is overruled.

Accordingly, we affirm the trial court=s judgment.

 

NELDA
V. RODRIGUEZ

Justice

 

Publish.

Tex.
R. App. P.
47.3.

 

Opinion delivered and
filed

this 18th day of July,
2002.

 











[1]Henderson
raised a motion for instructed verdict after the State rested.  He claimed the testimony of the arresting
officers showed that his arrest was illegal and therefore any evidence obtained
from the arrest was not admissible. 





[2]Henderson
brought a motion for new trial claiming the trial court misdirected the jury
about the law, and that new material evidence favorable to his case was
discovered after the trial.





[3]The
inevitable discovery doctrine renders the exclusionary rule inapplicable to
otherwise suppressible evidence if said evidence would have been inevitably
discovered by lawful means.  United
States v. Grosenheider, 200 F.3d 321, 328 n.8 (5th Cir.
2000).