NUMBER
13-04-163-CR

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

FRANCISCO
CABRIALEZ,                                                               Appellant,

                                                             v.

THE STATE OF TEXAS,                                                                    Appellee.

 

 

                     On appeal from the 214th District
Court

                                        of
Nueces County, Texas.

 

 

 

                                  M E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Rodriguez and Garza

 

      Opinion by Chief
Justice Valdez

 

 








Following a jury trial, appellant, Francisco
Cabrialez, was found guilty of capital murder and sentenced to life
imprisonment.  On appeal, appellant
raises two issues:  (1) appellant was not
convicted by a unanimous jury because the guilt-innocence charge allowed a
conviction based upon a disjunctive finding amongst any one of several distinct
and separate criminal offenses, and (2) the trial court committed reversible
error when it allowed the State to introduce appellant=s extraneous offense of an assault on a public
servant without first weighing the probative value of the evidence against the
prejudicial impact of said evidence.  We
affirm the judgment of the trial court.     


I. BACKGROUND

Appellant was charged with the murder of Hector
Moreno in the course of committing robbery and burglary of a habitation.     








In a voluntary statement to police officials,
appellant recounted the events of April 22, 2002, as well as the events that
led up to that night.  According to this
statement, appellant entered Hector Moreno=s home in the middle of the night in search of
Hector=s son, Gavino Moreno.  Two weeks prior, appellant and his brother-in-law,
Mike Vela, had a run-in with Gavino and others, which culminated in Gavino
threatening appellant with a shotgun and Vela=s car
being vandalized.  The estimated damage
to the car was $1,000.  Seeking revenge,
appellant went to Gavino=s family home with a loaded pistol, accompanied by
Vela.  Appellant entered the home through
the front door and proceeded to look for Gavino.  Appellant stated that he walked into a bedroom
where a woman, a young girl, and a baby lay sleeping.  He awoke the trio and asked for Gavino; they
replied they did not know where he was. 
Allegedly, Hector was hiding behind the bedroom door, which he quickly
swung at appellant in an attempt to incapacitate him.  Hector then allegedly punched appellant in
the mouth, and a struggle ensued. 
Appellant stated that he fell on Hector and the gun inadvertently fired;
Hector was shot in the abdomen and died soon after.  Appellant led the women and baby to another
room.  Appellant asked them where the
drugs and money were, and they responded that they did not have any.  Appellant instructed them to inform Gavino
that he owed them money for the damages to Vela=s car.


Diana and Gloria Moreno, Hector=s wife and daughter, respectively, testified as to
appellant shooting Hector and then terrorizing them on the night in
question.  Diana testified that appellant
pistol-whipped her on the back of the head, which resulted in a bloody
gash.  Both Diana and Gloria testified
that appellant sat them, Diana=s granddaughter, and Gavino=s female friend, Monica Duran, on the couch and
floor.  There, appellant demanded $1,000
or else he would go back and kill everybody in the house.  

II. JURY CHARGE

By his first issue, appellant contends that the
trial court=s jury charge was flawed.  Specifically, the jury charge allowed a
conviction based upon a disjunctive finding amongst any one of several distinct
and separate criminal offenses; therefore, the jury verdict was not
unanimous.   

The State argues that the trial court properly
instructed the jury disjunctively on the aggravating offenses which elevate
regular murder to a capital offense, based on long-standing precedent from the
Texas Court of Criminal Appeals holding that those underlying offenses are
merely alternate means of committing capital murder.  Further, the State asserts that the
requirement of jury unanimity is not violated by instructing the jury in the
disjunctive on alternative theories of committing the same offense, in contrast
to instructing the jury on two separate offenses involving separate
incidents.             

A. Standard of Review      








When we review a jury charge for alleged error, we
determine (1) whether error actually exists in the charge, and (2) whether any
resulting harm requires reversal.  Castaneda
v. State, 28 S.W.3d 685, 694 (Tex. App.BCorpus
Christi 2000, no pet.); see Mann v. State, 964 S.W.2d 639, 641
(Tex. Crim. App. 1998). The standard to determine whether sufficient harm
resulted from the error to require reversal depends upon whether appellant
objected.  Mann, 964 S.W.2d at
641.  If the error in the charge was the
subject of a timely objection, reversal is required if the error was calculated
to injure the rights of the defendant, or in other words, whether there was
"some harm."  Trevino v.
State, 100 S.W.3d 232, 242 (Tex. Crim. App. 2003) (en banc); Escobar v.
State, 28 S.W.3d 767, 777 (Tex. App.BCorpus Christi 2000, pet. ref'd).  However, if the alleged error was not
properly objected to, we may reverse only if the record shows that the error
was so egregiously harmful that the defendant was denied a fair and impartial
trial.  See Ovalle v. State, 13
S.W.3d 774, 786 (Tex. Crim. App. 2000); Escobar, 28 S.W.3d at 777.

B. Analysis

After reviewing the record, we conclude that
appellant did not raise a timely and relevant objection to the jury
charge.  Appellant objected only to what
he construed as a typographical error involving where a comma should go in
relation to the various offenses in the jury charge.  Therefore, we review the record to determine
if there was jury charge error and, if so, whether the error was so egregiously
harmful that appellant was denied a fair and impartial trial.  See Ovalle, 13 S.W.3d at 786; Escobar,
28 S.W.3d at 777.  

i. Disjunctive Indictments








When an indictment alleges different methods of
committing capital murder in the conjunctive, the jury may properly be charged
in the disjunctive.  Kitchens v. State,
823 S.W.2d 256, 258 (Tex. Crim. App. 1991). 
Where the alternate theories of committing the same offense are
submitted to the jury in the disjunctive, it is appropriate for the jury to
return a general verdict if the evidence is sufficient to support a finding
under any of the theories submitted.  Id.  Indeed, the supreme court has determined that
Athere is no general requirement that the jury reach
agreement on the preliminary factual issues which underlie the verdict.@  Id.
(citing Schad v. Arizona, 501 U.S. 624, 632 (1991)).      

Appellant contends that the State submitted a Ashotgun@ jury charge because it allowed the jury to find appellant
guilty if it found that appellant had committed a murder in the course of
committing either a robbery or burglary of a habitation Aagainst any one of five (5) separate victims.@  The Avictims@ included Hector, Diana, Gloria, and Gavino Moreno,
as well as Monica Duran.  

In the jury charge, the State essentially asked the
jury to determine if the appellant committed murder in the course of either
committing robbery or burglary of a habitation. 
A person commits robbery if, in the course of committing theft as
defined in chapter 31 and with intent to obtain or maintain control of the
property, he (1) intentionally, knowingly, or recklessly causes bodily injury
to another, or (2) intentionally or knowingly threatens or places another in
fear of imminent bodily injury or death. 
Tex. Pen. Code Ann. ' 29.02(a)(1)-(2) (Vernon 2003).  A person commits theft if he unlawfully
appropriates property with intent to deprive the owner of the property.  Id. '
31.03(a).   A person commits burglary if,
without the effective consent of the owner, the person (1) enters a habitation,
or a building not then open to the public, with intent to commit a felony,
theft, or an assault; or (3) enters a building or habitation and commits or
attempts to commit a felony, theft, or an assault.  Id. '
30.02(a)(1), (3).  








The jury heard the evidence and determined appellant
had murdered Hector.  Appellant testified
and said in a sworn voluntary statement that he went to Gavino=s house because Gavino was responsible for the
damage committed on Vela=s father=s car. 
Whether appellant sought direct compensation from Gavino is irrelevant
when examining the entire record.  Once
appellant entered Gavino=s home, he asked Diana, Gloria, and Monica where any
money and drugs were.  Although appellant
was told Gavino was not there, he continued to demand they tell him the
whereabouts of any money and drugs. 
After shooting Hector, appellant sat the women on the floor and couch
and continued to badger them about Gavino=s whereabouts. 
Further, he threatened their lives and continued to demand money.  Considering all the evidence, it is probable
for a jury to have determined that appellant attempted to either rob or
burglarize one, several or all of the parties listed in both the indictment and
jury charge.  See id. '' 29.02(a)(1)-(2); 30.02(a)(1), (3).  Therefore, we conclude that there was no jury
charge error here, and furthermore, even were we to assume error, the harm was
not egregious.  See Ovalle, 113
S.W.3d at 786; Escobar, 28 S.W.3d at 777.   

ii. Jury Unanimity

The jury verdict was unanimous.  The unanimity requirement is not violated by
instructing the jury on alternative theories of committing the same offense, in
contrast to instructing the jury on two separate offenses involving separate
incidents.  Martinez v. State, 129
S.W.3d 101, 103 (Tex. Crim. App. 2004). 
The jury was correctly instructed as to alternative theories of the same
offense and rendered a proper, unanimous verdict.  Appellant=s
first issue is overruled. 








III. EXTRANEOUS OFFENSES

By his second issue, appellant contends that the
trial court committed reversible error when it allowed the State to introduce
appellant=s extraneous offense of assault on a public servant
without first weighing the probative value of the evidence against the
prejudicial impact of said evidence. 
Appellant bases his argument on Texas Rules of Evidence 403 and
404(b).  Appellant contends that
videotape evidence of appellant attacking J.E.T (jail extraction team) officers
and biting Officer Mercado on the side of his face had no probative value
regarding the issue of whether or not he had killed the victim in this
case.  Furthermore, appellant argues that
the trial court did not weigh the probative value of the videotape and Officer
Mercado=s testimony versus its prejudicial value.  

The State asserts that appellant failed to preserve
error because he Anever pressed the trial court to make a specific
ruling concerning his objection to the admissibility of Officer Mercado=s testimony concerning the extraneous offense.@  In the
alternative, the State argues that if error was committed, it was cumulative of
other evidence in the case and therefore harmless. 

A. Standard of Review  

A trial court=s rule 403 ruling is reviewed under an abuse of
discretion standard.  See State v.
Mechler, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005).  Similarly, a rule 404(b) ruling is also
reviewed under this standard.  See
Page v. State, 137 S.W.3d 75, 78 (Tex. Crim. App. 2004).  An appellate court will not reverse a trial
court=s ruling unless that ruling falls outside the zone
of reasonable disagreement.  Torres v.
State, 71 S.W.3d 758, 760 (Tex. Crim. App. 2002).








Once a rule 404(b) objection is made, a further
objection based on rule 403 is specifically required to ensure a balancing of
probative weight against the prejudice it will instill in the jury.  Montgomery v. State, 810 S.W.2d 372,
388 (Tex. Crim. App. 1991) (op. on reh=g).  Appellant
failed to properly preserve the issue for appeal by neglecting to make a rule
403 objection.  Therefore, there is no
need to conduct further analysis under rule 403, and we will discuss only
appellant=s properly preserved rule 404(b) objection.   

i. Analysis under Rule 404(b)

Texas Rule of Evidence 404(b) establishes that
"evidence of other crimes, wrongs 

or acts is not admissible to prove the character of
a person in order to show action in conformity therewith."  Tex.
R. Evid. 404(b).  The rule
prohibits the use of character evidence and is designed to prevent the trier of
fact from inferring that the person acted in conformity with that character
trait.  Johnston v. State, 145
S.W.3d 215, 219 (Tex. Crim. App. 2004).








Extraneous act evidence, however, may be admissible
if it logically proves some other fact.  Id.  Acceptable purposes to allow admission of
such evidence include proving motive, opportunity, intent, preparation, plan,
knowledge, identity, or absence of mistake or accident.  Tex.
R. Evid. 404(b); see Albrecht v. State, 486 S.W.2d 97, 100‑01
(Tex. Crim. App. 1972).  The threshold
inquiry to admit extraneous evidence is whether that evidence is relevant to
prove a material issue or simply to define the defendant's character.  See Turner v. State, 754 S.W.2d 668,
672 (Tex. Crim. App. 1988).  Furthermore,
where intent is a material issue in the case, and cannot be inferred from the
act itself, then extraneous evidence is relevant.  Morgan v. State, 692 S.W.2d 877, 880
(Tex. Crim. App. 1985).

Regardless of whether the trial court erred in
admitting the extraneous evidence, we find that the evidence would not have led
to the rendition of an improper verdict. 
See Tex. R. App. P. 44.2(b);
Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  A criminal conviction should not be
overturned if, after examining the record in its entirety, the appellate court
has fair assurance the error had only slight effect and did not influence the
jury's decision.  Johnson, 967
S.W.2d at 417. 

In the present case, appellant voluntarily testified
on his own behalf about his prior conviction for aggravated assault, his
altercation at Gavino=s home prior to the events of April 22, 2002, and
his prior membership in two separate gangs, including Raza Unida, where one has
to Astab, kill or do something dirty to get in.@  Appellant=s voluntary submission of his violent nature and
gang affiliation clearly outweigh any influence the videotape may have
had.  See id.  We overrule appellant=s second issue.

IV. CONCLUSION

The judgment of the trial court is affirmed.

 

                                           

Rogelio Valdez,

Chief Justice

Do
not publish.

Tex. R. App. P.
47.2(b).

 

 

Memorandum Opinion delivered and filed

this 19th day of January, 2006.