

# NUMBER 13-12-00208-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JOHNNY GUERRA,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 347th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Garza, and Perkes
### Memorandum Opinion by Justice Rodriguez

Appellant Johnny Guerra challenges his conviction by a jury for theft, a second degree felony as a result of multiple enhancements. *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1) (West Supp. 2011); *see also id.* § 12.425(b) (West Supp. 2011). By two issues, Guerra argues that the evidence was insufficient to support his conviction as a

party to the offense and that he received ineffective assistance of counsel.  We affirm.

## I.  Background

Guerra, along with a co-defendant, was indicted as follows in connection with the theft of pornographic magazines from a convenience store in Corpus Christi, Texas:

> [T]hat [Guerra] . . . on or about May 11, 2011, in Nueces County, Texas, did then and there unlawfully appropriate, by acquiring or otherwise exercising control over, property, to wit:  MAGAZINES, of the value of less than $1,500.00, from ROBERT PIEPER, the owner thereof, without the effective consent of the owner, and with intent to deprive the owner of the property.

The indictment also alleged two enhancement counts, which elevated the class A misdemeanor theft charge to a second-degree felony.  Guerra pleaded not guilty, and his case was tried to a jury.  The jury found Guerra guilty of the charged offense and sentenced him to sixteen years in prison.  This appeal followed.

## II.  Sufficiency of the Evidence

By his first issue, Guerra argues that the evidence was legally and factually[1] insufficient to prove he had the requisite knowledge of his co-defendant's plans to steal the magazines and was therefore insufficient to convict him as a party to the theft.  We disagree.

### A.  Standard of Review and Applicable Law

> To determine whether evidence is sufficient to support a conviction, a reviewing court views all the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010).  This requires the reviewing court to defer

---

[1] The court of criminal appeals has abolished factual-sufficiency review.  *See Howard v. State*, 333 S.W.3d 137, 138 n.2 (Tex. Crim. App. 2011).  Thus, we will only address Guerra's legal-sufficiency challenge.

2

> to the jury's credibility and weight determinations because the jury is the "sole judge" of witnesses' credibility and the weight to be given testimony. *Jackson*, 443 U.S. at 319; *Brooks*, 323 S.W.3d at 899. A reviewing court determines whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007) (citing *Hooper v. State*, 214 S.W.3d 9, 16–17 (Tex. Crim. App. 2007)). When the record supports conflicting inferences, a reviewing court must presume that the fact finder resolved the conflicts in favor of the prosecution and defer to that determination. *See Jackson*, 443 U.S. at 326.

*Garcia v. State*, 367 S.W.3d 683, 686–87 (Tex. Crim. App. 2012).

Legal sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.* Guerra committed the offense of theft as authorized by the indictment in this case if he appropriated the magazines "without the owner's effective consent" and "with intent to deprive the owner of property." *See* TEX. PENAL CODE ANN. § 31.03(a), (b)(1). "A person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both." *Id.* § 7.01(a) (West 2011). As applicable to this case, a "person is criminally responsible for an offense committed by the conduct of another if . . . acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense." *Id.* § 7.02(a)(1) (West 2011).

3

It is not necessary that the evidence directly prove the defendant's guilt; "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of the actor, and circumstantial evidence alone can be sufficient to establish guilt." *Hooper*, 214 S.W.3d at 13; *see Kuciemba v. State*, 310 S.W.3d 460, 462 (Tex. Crim. App. 2010). A defendant's intent, in particular, may be inferred from his words, acts, and conduct. *Patrick v. State*, 906 S.W.2d 481, 487 (Tex. Crim. App. 1995). In other words, intent and knowledge are fact questions and are almost always proven through evidence of the circumstances surrounding the crime. *Robles v. State*, 664 S.W.2d 91, 94 (Tex. Crim. App. 1984). "Circumstantial evidence alone may be used to prove that a person is a party to an offense." *Powell v. State*, 194 S.W.3d 503, 506 (Tex. Crim. App. 2006) (citations omitted); *Escobar v. State*, 28 S.W.3d 767, 774 (Tex. App.—Corpus Christi 2000, pet. ref'd).

## B. The Evidence

At trial, Robert Pieper, the clerk at the convenience store where the theft occurred, testified about the events surrounding the incident. On the day before the May 11, 2011 theft, Guerra and his co-defendant, Richard Barrientes, came into the store. Pieper testified that Barrientes ordered a cigar, which Pieper had to retrieve from behind the register counter. While the two men were in the store, Pieper also had to deal with a customer in the store's drive-through. Guerra was standing by the magazine rack during this time. Pieper testified that, while he was dealing with Barrientes and the drive-through customer, he lost sight of Guerra and the magazine rack area temporarily. Guerra then asked if he could use the restroom; Pieper pointed Guerra in the direction of

4

the store's restroom. Barrientes and Guerra then left the store. Pieper testified that at the end of his shift, when he went to clean the store's restroom, he discovered three or four cardboard dividers in the bathroom. The dividers were used on the magazine rack to conceal the covers of the pornographic magazines. Pieper testified that it would be easier to take and conceal a stack of magazines if the dividers were first removed.

Pieper testified that Barrientes and Guerra returned to the store the following day, May 11. Guerra, again, stood by the magazine rack and then went into the restroom. Pieper became suspicious and went to the back of the store, where he found Barrientes with what appeared to be books under his shirt. Pieper asked Barrientes what was under his shirt, but Barrientes kept walking. Pieper then placed his hand on Barrientes's shoulder and asked again about the objects under his shirt, at which point Barrientes "spun around real quick" and "took off out the door." Pieper instructed another employee to call the police, and Pieper followed Barrientes outside. As Pieper was standing outside, Guerra exited the store, got on his bicycle, and left the scene. Pieper testified that Guerra rode away in the same direction as Barrientes had fled. When Pieper went back into the store, he discovered several more of the cardboard dividers in the restroom.

Next, Corpus Christi Police Officer Bernardino Rodriguez testified that he was the officer who responded to the theft call. Officer Rodriguez testified that he was given a description of two individuals by dispatch and was informed that one was traveling on a bicycle. Before he made contact with the store clerk, Officer Rodriguez patrolled the area surrounding the store. Officer Rodriguez spotted a man on a bicycle in the parking lot of a saloon near the convenience store. The man was carrying a black plastic bag.

Officer Rodriguez temporarily lost sight of the man as he turned his patrol car around to drive into the parking lot. When Officer Rodriguez pulled into the parking lot, he saw the man walking back into the lot from the back side of the building. He no longer had the plastic bag in his hand. As the man was walking up to Officer Rodriguez, the man stated that the "other guy" stole the magazines. Officer Rodriguez identified the man who walked up to him as Guerra.

Officer Rodriguez testified that another officer then arrived on the scene.[2] The other officer checked the back of the building from where Officer Rodriguez had seen Guerra walk. The other officer recovered a black plastic bag from behind the building that contained several plastic-wrapped pornographic magazines. Officer Rodriguez testified the magazines matched the description of the stolen property reported by the store clerk. The officers recovered a total of twelve magazines, which they eventually returned to the convenience store.

Kimberly Tayleur testified next. She testified that she was a bartender in the saloon in whose parking lot the officers apprehended Guerra. Tayleur testified that on May 11, 2011, Guerra came in through the back door of the saloon and offered to sell her pornographic magazines and a bicycle, both of which Tayleur declined. Guerra also offered the magazines and bicycle to several of the saloon's customers, all of whom declined, as well. Tayleur then testified that Guerra had been in the saloon the day before offering to sell cigarettes and pornography.

The defense then offered the testimony of Barrientes. Barrientes testified that

_____

[2] This officer, Hector Carona, later testified and corroborated Officer Rodriguez's account of the events.

6

Guerra only went to the convenience store to buy beer and that Guerra had no knowledge of Barrientes's intent to steal the magazines. Barrientes testified that he formed his intent to steal the magazines after the two entered the store. Finally, Barrientes testified that Guerra had already exited the store before Barrientes attempted to steal the magazines.

## C. Analysis

Guerra argues that the evidence was insufficient to prove he had any knowledge of Barrientes's plan to steal the magazines. The evidence was sufficient to convict Guerra as a party to Barrientes's theft.[3]

The evidence was sufficient if it showed that Guerra, acting with intent to assist Barrientes in committing the theft, solicited, encouraged, directed, aided, or attempted to aid Barrientes to commit the theft. *See* TEX. PENAL CODE ANN. § 7.02(a)(1). Here, there was evidence at trial that Guerra went to the convenience store with Barrientes on both the day of the theft and the day prior. On both days, Guerra was observed standing near the magazine rack and then going into the bathroom. On both days, Pieper, the store clerk, discovered cardboard dividers in the restroom that were used to cover the pornographic magazines; Pieper testified that the magazines would be easier to take and conceal with the dividers removed from the shelves. Pieper also testified that after he chased Barrientes out of the store, Guerra followed closely behind and fled on his bicycle in the same direction that Barrientes ran.

The events occurring after Guerra left the convenience store were also telling.

---

[3] The jury charge allowed the jury to convict Guerra as either the principal offender or as a party participant to Barrientes's theft.

7

The officers who responded to the theft call saw Guerra riding his bicycle in the parking lot of the saloon next to the convenience store, carrying a black plastic bag. Guerra temporarily disappeared behind the saloon, and when the officers searched the area behind the saloon where Guerra had been, they discovered a black plastic bag containing several pornographic magazines. Finally, the bartender of the saloon testified that Guerra had been in the saloon on both the day of and the day prior to the theft attempting to sell pornographic magazines.

Based on the foregoing evidence, it was rational for the jury to infer that Guerra aided Barrientes in the commission of the theft. First, the suspicious events described by the store clerk—Guerra loitering near the magazine rack and restroom and the later discovery of the cardboard dividers in the restroom—are circumstances from which the jury could infer that Guerra was working with Barrientes to steal the magazines. *See Patrick*, 906 S.W.2d at 487. Next, Guerra's flight from the scene and later attempt to conceal the magazines by dropping them behind the saloon are circumstances indicative of guilt. *See Clayton v. State*, 235 S.W.3d 772, 780 (Tex. Crim. App. 2007) (recognizing that "a fact finder may draw an inference of guilt from the circumstance of flight"); *see also Guevara v. State*, 152 S.W.3d 45, 50 (Tex. Crim. App. 2004) (stating that "attempts to conceal incriminating evidence" are a circumstance of guilt). Finally, Guerra's attempt to sell pornographic magazines to the bartender and patrons of the saloon immediately after the theft connects Guerra to the stolen property and is yet another circumstance from which the jury could infer guilt. *See Poncio v. State*, 185 S.W.3d 904, 905 (Tex. Crim. App. 2006) ("[A] defendant's unexplained possession of property recently stolen in a

8

burglary permits an inference" of guilt.). Although there was conflicting testimony from Barrientes regarding Guerra's participation, it was within the province of the jury in this case to resolve that conflict, and we will not disturb the jury's resolution on appeal. *See Jackson*, 443 U.S. at 326; *Garcia*, 367 S.W.3d at 687 (citations omitted).

In sum, there was ample circumstantial evidence that Guerra intentionally aided Barrientes in stealing the magazines. *See Hooper*, 214 S.W.3d at 13; *Powell*, 194 S.W.3d at 506; *see also Kuciemba*, 310 S.W.3d at 462. Therefore, the evidence was sufficient to convict Guerra as a party to the theft. *See Garcia*, 367 S.W.3d at 686–87. We overrule his first issue.

### III.   Ineffective Assistance of Counsel

By his second issue, Guerra argues that his counsel was ineffective for failing to seek rulings on any of Guerra's pre-trial motions, including various discovery motions and requests for disclosure, a request for a pre-trial hearing, a motion in limine, and motions to suppress Guerra's statement and certain physical evidence.

To establish ineffective assistance of counsel, Guerra must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 684 (1984); *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.—Corpus Christi 2006, no pet.). Our review of counsel's representation is highly deferential, and we will find ineffective assistance only if Guerra rebuts the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance. *See Strickland*, 466 U.S. at

9

689; *Jaynes*, 216 S.W.3d at 851. Guerra must prove ineffective assistance of counsel by a preponderance of the evidence. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999) (citing *Cannon v. State*, 668 S.W.2d 401, 403 (Tex. Crim. App. 1984)). To prove that counsel's performance fell below the reasonableness standard, "the record must contain evidence of counsel's reasoning, or lack thereof." *Moreno v. State*, 1 S.W.3d 846, 865 (Tex. App.—Corpus Christi 1999, pet. ref'd).

Usually, the trial record will not be sufficient to establish an ineffective assistance of counsel claim. *Thompson*, 9 S.W.3d at 813–14; *Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd). This is true because, normally, a record is silent with regard to counsel's decision-making processes, and therefore, appellant often cannot rebut the presumption that counsel's performance was the result of sound or reasonable trial strategy. *Strickland*, 466 U.S. at 688; *Stafford v. State*, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991); *see Jaynes*, 216 S.W.3d at 855. In the case of such a silent record, "the challenged conduct must be 'so outrageous that no competent attorney would have engaged in it.'" *Roberts v. State*, 220 S.W.3d 521, 533 (Tex. Crim. App. 2007) (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

Here, the record is undeveloped as to counsel's motivations in not pursuing the pre-trial motions identified by Guerra on appeal. Without anything in the record to demonstrate otherwise, we cannot conclude that counsel had anything other than plausible reasons for not pursuing rulings on the motions. *See Roberson v. State*, 852 S.W.2d 508, 510–11 (Tex. Crim. App. 1993) (analyzing counsel's failure to pursue various pre-trial motions and concluding that a silent record as to counsel's strategies

10

precluded a finding of deficient performance). Neither can we conclude from the record before us that trial counsel's actions were so outrageous that no competent attorney would have engaged in them. *See Roberts*, 220 S.W.3d at 533.

For the foregoing reasons, we cannot conclude that Guerra has overcome the strong presumption that his trial counsel provided professional, objectively reasonable assistance. *See Strickland*, 466 U.S. at 689; *Jaynes*, 216 S.W.3d at 851. Because Guerra did not establish that his trial counsel's performance fell below an objectively reasonable standard, he has not met the first prong of *Strickland*. *See Jaynes*, 216 S.W.3d at 855. His second issue is overruled.

## IV. Conclusion

We affirm the judgment of the trial court.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
28th day of March, 2013.

11